F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES EDWARD BOYKINS,

      Petitioner-Appellant,

v.

GLYNN BOOHER,

      Respondent-Appellee.

No. 04-5045
(Northern District of Oklahoma)
(D.C. No. 03-CV-246-EA)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

This matter is before the court on James Edward Boykins' request for a

certificate of appealability ("COA"). Boykins seeks a COA so that he can appeal

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28

U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final

order in a habeas corpus proceeding in which the detention complained of arises

out of process issued by a State court," unless the petitioner first obtains a COA).

Because Boykins has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and

**dismisses** this appeal.

Boykins pleaded guilty in Oklahoma state court to one count of possession of illegal drugs with intent to distribute and one count of failure to affix a tax stamp. He was sentenced to a twenty-year term of imprisonment on each count, with the sentences to run concurrently. Because Boykins did not file an application to withdraw his guilty plea within ten days of the entry of his judgment of conviction and sentences, his conviction became final on December 4, 1999. *See* Rules of the Court of Criminal Appeals 1.2(A)(2), 4.2(A), 22 Okla. Stat., Ch.18, App. Boykins filed the instant 28 U.S.C. § 2254 habeas petition on April 11, 2003.

The district court dismissed Boykins' § 2254 petition as untimely pursuant to 28 U.S.C. § 2244(d). In so doing, the district court noted that because Boykins had not filed a state application for post-conviction relief during the year after his conviction became final, he was not entitled to statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2).[1] The district court further concluded that because Boykins had not acted diligently in seeking relief from his conviction, he was not entitled to equitable tolling. Boykins seeks a COA so that he can appeal the district court's dismissal with prejudice of his § 2254 habeas petition.

---

[1]In fact, Boykins did not file an application for state post-conviction relief until October 30, 2002, almost three years after his conviction became final.

To be entitled to a COA, Boykins must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003) (quotations omitted). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim the petitioner has an additional burden. In those circumstances, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The test being two-pronged, a COA may be denied on either basis. *Id.* at 485.

After careful review of the record, we conclude reasonable jurists could not disagree Boykins failed to file his petition within the applicable limitation period and equitable tolling is unwarranted. On appeal, Boykins does not contest that he filed his § 2254 habeas petition well outside the one-year limitations period set out in § 2244(d). Nor does he assert that he acted diligently in pursuing his post-conviction remedies. Instead, he baldly asserts that because he is raising a

constitutional claim, it should be heard on the merits despite his failure to seek relief in a timely fashion. The law of this circuit is, however, clear: to avail himself of equitable tolling, Boykins must demonstrate that he diligently pursued his claims. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Because it is clear that Boykins did not act diligently, the district court properly dismissed Boykins § 2254 petition as time-barred. Boykins request for a COA is **DENIED**; this appeal is hereby **DISMISSED**.

Entered for the Court
PATRICK FISHER, Clerk of Court


by:
    Deputy Clerk