**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALFONSO HERDOCIA,

Petitioner-Appellant,

v.

BRUCE HOWARD, Warden,

Respondent-Appellee.

No. 07-6277

Western District of Oklahoma

(D.C. No. 5:07-CV-953-R)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **ANDERSON** and **McCONNELL**, Circuit Judges.

Alfonso Izmael Herdocia, a state prisoner proceeding *pro se*, seeks a

certificate of appealability (COA) that would allow him to appeal from the district

court's order denying his habeas corpus petition under 28 U.S.C. § 2254.  *See* 28

U.S.C. § 2253(c)(1)(A).  Because we conclude that Mr. Herdocia has failed to

make "a substantial showing of the denial of a constitutional right," we deny his

request for a COA, and dismiss the appeal.  28 U.S.C. § 2253(c)(2).

## I. BACKGROUND

Mr. Herdocia was convicted in Oklahoma district court on a plea of no

contest to one count of unlawful possession of a controlled substance—nine

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

pounds of methamphetamine—with intent to distribute.  On January 16, 2006, he was sentenced to eighteen years' imprisonment.  He did not appeal.  On September 28, 2006, Mr. Herdocia filed a motion for judicial review in the district court; the motion was denied on November 6. On January 17, 2007, Mr. Herdocia filed in the district court an application for leave to file an appeal out of time or in the alternative for post-conviction relief.  The court denied relief on April 4, and Mr. Herdocia took an appeal to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed the denial on July 26, 2007.

On August 24, 2007, Mr. Herdocia brought the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma.[1]  The court dismissed it on November 13, finding that the petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and that equitable tolling of AEDPA's time limit was inappropriate.  Mr. Herdocia then brought this appeal and petition for a COA.

## II.  DISCUSSION

A COA is a necessary prerequisite to appeal the denial of a petition for relief under 28 U.S.C. § 2254, and is available "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

---

[1] The petition was received in the clerk's office on August 27, but is considered filed as of the date of mailing under the so-called prison mailbox rule. *See* Fed. R. App. P. 4(c)(1) (rule applies to notices of appeal); *Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) ("[l]iberal application" of rule extends it to § 2254 petitions).

2253(c)(1)(A), (2). Where, as here, the district court has dismissed a habeas petition on procedural grounds, a COA may issue only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

28 U.S.C. § 2244(d)(1), enacted as a part of AEDPA, Pub. L. No. 104-132, § 101, 110 Stat. 1214, 1217 (1996), imposes a one-year time limit for filing a federal habeas petition upon a state conviction. AEDPA's clock starts running when (A) the judgment of conviction becomes final, (B) any state-created impediment to filing is lifted, (C) a retroactive constitutional right is first recognized by the Supreme Court, or (D) the factual predicate for the claim was reasonably discoverable—whichever comes last. 28 U.S.C. § 2244(d)(1)(A)–(D). The one-year limit is, however, tolled while "a properly filed application for State post-conviction, or other collateral review with respect to the pertinent judgment or claim, is pending." *Id.* § 2244(d)(2).

Mr. Herdocia does not allege any state-created impediment to filing his petition. The claims he seeks to raise, which are based on Fourth Amendment search-and-seizure doctrine and ineffective assistance of his trial counsel, do not rely on any newly-recognized constitutional right and their factual predicates were all reasonably discoverable by the time of his sentencing. As a result, the

-3-

AEDPA clock was triggered under § 2244(d)(1)(A), which specifies that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."

In Oklahoma, direct review of a conviction entered on a plea of guilty or no contest may be had only by a petition for a writ of certiorari from the OCCA, filed within 90 days of the conviction. Okla. Stat. tit. 22, § 1051(a). To be permitted an appeal, however, "the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence, setting forth in detail the grounds for the withdrawal of the plea and requesting an evidentiary hearing in the trial court." Rule 4.2(A), Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App. Mr. Herdocia filed no such motion. His sentence was entered on January 16, 2006, so the judgment became final on January 26.[2]

From January 26, Mr. Herdocia waited 356 days, until January 17, 2007, to file an application in state court for post-conviction relief. Under 28 U.S.C. §

---

[2] It might be argued that, because Mr. Herdocia never sought to withdraw his plea, there was never "time for seeking [direct] review" at all. 28 U.S.C. § 2244(d)(1)(A). The better view, and that expressed in our uniform prior practice, grants the ten days available for filing the motion. *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007); *Boykins v. Booher*, 116 F. App'x 185, 185 (10th Cir. 2004). Mr. Herdocia also argued below that his conviction did not become final for 90 days because that is the time allowed for seeking review in the United States Supreme Court. He has not raised this issue in his appeal brief or petition for a COA; even the liberal construction we afford *pro se* briefs will not induce us to consider an issue so forfeited.

2244(d)(2), the clock was tolled from that date until July 26, when the OCCA affirmed the denial of post-conviction relief. Nine days later, August 4, 2007, was the 365th and last day for filing a federal habeas petition. When Mr. Herdocia filed his petition on August 24, it was twenty days late.

AEDPA's one-year statute of limitations for § 2254 petitions is nonjurisdictional, and is therefore subject to equitable tolling in certain "'rare and exceptional circumstances.'" *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). This is "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 127 S. Ct. 1091, 1100 (2007). Relief "is only available when an inmate [1] diligently pursues his claims and [2] demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). We will grant a COA on "the District Court's determination that equitable tolling is inapplicable only if reasonable jurists could debate whether the court's refusal to toll the statute of limitations was an abuse of discretion." *Fleming*, 481 F.3d at 1254–55.

Mr. Herdocia contends he is entitled to equitable tolling because the claims raised in his § 2254 petition show a clear violation of his rights on the part of Oklahoma police. He has not, however, alleged or shown in any way that he "diligently pursue[d] his claims" while the year for filing was ticking away, nor

that his "failure to timely file was caused by extraordinary circumstances." We agree with the district court that equitable tolling was not appropriate.

## III. CONCLUSION

We **DENY** Mr. Herdocia's request for a COA and **DISMISS** this appeal. As Mr. Herdocia has not presented a reasoned, nonfrivolous argument on appeal why his petition should be considered timely, we **DENY** his motion for leave to proceed *in forma pauperis*.

Entered for the Court,

Michael W. McConnell
Circuit Judge
