FILED
United States Court of Appeals
Tenth Circuit

April 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RANDY THOMAS NAVES,

     Petitioner-Appellant,

v.

STEVEN TURLEY,

     Respondent-Appellee.

No. 10-4034

(D.C. No. 08-CV-00745-DB)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

     Randy Thomas Naves, a Utah state prisoner appearing *pro se*, seeks a

certificate of appealability ("COA") so that he might challenge the district court's

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely filed.

Exercising jurisdiction pursuant to 28 U.S.C. § 2253(c)(1), we DENY a COA and

DISMISS this matter.

**I.**

     On August 29, 1997, Naves pled guilty to three counts of sexual abuse of a

child in violation of Utah Code Ann. § 76-5-404.1, one count of dealing in

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

harmful material to a minor in violation of Utah Code Ann. § 76-10-1206, and

one count of lewdness involving a child in violation of Utah Code Ann. § 76-9-

702.5. Though Naves did not file a direct appeal from these convictions, he did

file a petition for state post-conviction relief in April of 2005. The state district

court dismissed Naves' petition with prejudice as untimely filed. The state

district court then denied Naves' motion for leave to file a late notice of appeal of

this dismissal. The Utah Court of Appeals affirmed the district court's denial of

Naves' motion and the Utah Supreme Court denied Naves' petition for a writ of

certiorari.

On September 30, 2008, more than one year after the Utah Supreme Court

denied Naves' petition for a writ or certiorari, Naves filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254 which the district court dismissed as

untimely filed under 28 U.S.C. § 2244(d). Naves now seeks a COA in order to

appeal this dismissal.

## II.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a

COA is a jurisdictional prerequisite to our review of the dismissal of a § 2254

petition. See 28 U.S.C. § 2253(c)(1)(A); Clark v. Oklahoma, 468 F.3d 711, 713

(10th Cir. 2006). We will issue a COA only if the petitioner has made a

"substantial showing of the denial of a constitutional right." See 28 U.S.C. §

2253(c)(2). Where, as here, the district court dismisses a petition on procedural

2

grounds, the petitioner makes such a showing by demonstrating that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." See Clark, 468 F.3d at 713 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a state prisoner has one year from the date on which his or her state conviction(s) becomes final to file a petition for a writ of habeas corpus pursuant to § 2254. Section 2244(d)(2), however, tolls this one-year period of limitation during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." Section 2244(d)(1)(A)'s limitation period is also subject to equitable tolling in certain "rare and exceptional circumstances." See Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007).

The district court concluded that Naves' § 2254 petition was untimely under § 2244(d)(1)(A), that the statutory tolling provisions of § 2244(d)(2) were inapplicable, and that equitable tolling was unavailable. Naves contends that jurists of reason would find these rulings debatable, noting his belief that the Utah state courts erroneously applied a statute of limitations period to his petition for state post-conviction relief, his ignorance of AEDPA's time limitations, and his belief that the inadequacy of the contract attorneys provided to Utah state prisoners served to deny him access to effective legal assistance once incarcerated. We reject Naves' arguments.

3

A criminal defendant in Utah who wishes to file a direct appeal has thirty days from the entry of judgment in which to do so. See Utah R. App. P. 4. The thirty-day period during which Naves could have filed a direct appeal of his convictions expired on November 17, 1997, and thus, his convictions became final for the purposes of § 2244(d)(1)(A) on that day as well. See § 2244(d)(1)(A) (noting that a judgment becomes final by "the expiration of the time for seeking [direct] review"). Because Naves filed his § 2254 petition more than a decade after that date, there is no question that the district court correctly concluded that it was untimely under § 2244(d)(1)(A).

There is also no doubt that the district court correctly concluded that the statutory tolling provisions of § 2244(d)(2) are inapplicable. Naves filed his petition for state post-conviction relief more than one year after his convictions became final and thus, even if the Utah state courts should have considered it on its merits rather than dismiss it as untimely,[1] Naves' petition could not have served to toll the limitations period of § 2244(d)(1)(A) because at the time it was filed, that period had already expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (noting that the limitations period for a federal habeas

---

[1] The statute of limitations for Utah state post-conviction petitions which was in effect at the time—Utah Code Ann. § 78-35a-107—allowed courts to excuse a prisoner's failure to file within one year if "the interests of justice" so required. In 2008, that statute was renumbered as Utah Code Ann. § 78B-9-107, see Laws of Utah 2008, c. 3, § 1171, and the "interests of justice" exception was removed, see id. c. 288, §6

4

petition cannot be statutorily tolled by a state post-conviction petition that is filed after the federal limitations period has expired).

Finally, reasonable jurists would not debate the district court's conclusion that Naves is not entitled to equitable tolling. Because Naves did not have a right to have an attorney assist him in the preparation and filing of either his state post-conviction petition, see Cummings v. Sirmons, 506 F.3d 1211, 1223 (10th Cir. 2007) ("[A] criminal defendant is not constitutionally entitled to representation by counsel in state post-conviction proceedings."), or his § 2254 petition, see Swazo v. Wyo. Dep't of Corr., 23 F.3d 332, 333 (10th Cir. 1994) ("[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."), the alleged inadequacy of the contract attorneys with whom Naves has worked since his incarceration is not an "exceptional circumstance" which warrants equitable tolling. Further, Naves' ignorance of AEDPA's time limitations does not warrant equitable tolling because as we have noted in the past, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

5

## III.

Naves' request for a COA is DENIED and this matter is DISMISSED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge