FILED
United States Court of Appeals
Tenth Circuit

April 30, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NATHENIAL T. HURT,

          Petitioner - Appellant,

v.

DAVID MCKUNE, Warden, Lansing
Correctional Facility; STEPHEN N.
SIX, Kansas Attorney General,

          Respondents - Appellees.

No. 09-3330

(D. Kansas)

(D.C. No. 5:09-CV-03142-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Nathenial T. Hurt, a Kansas state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the denial of his application under

28 U.S.C. § 2254 for habeas relief. *See id.* § 2253(c) (requiring COA to appeal

denial of application). Because Mr. Hurt has failed to make a substantial showing

of the denial of a constitutional right, as required by 28 U.S.C. 2253(c)(2), we

deny his request for a COA and dismiss the appeal.

**I.**    **BACKGROUND**

Mr. Hurt was convicted by a jury in Kansas state court of first-degree

murder and aggravated assault, and pleaded guilty to unlawful possession of a

firearm. On February 26, 2003, he was sentenced to consecutive sentences of life

imprisonment on the murder charge, 24 months on the aggravated assault charge, and eight months on the firearm charge. He was eligible for parole on his life sentence after 50 years (a "hard 50") sentence.

Mr. Hurt appealed to the Kansas Supreme Court, which affirmed the convictions and sentences on December 17, 2004. *See State v. Hurt*, 101 P.3d 1249 (Kan. 2004). In December 2005 he filed a petition for a writ of habeas corpus in Kansas state district court; but the court denied the petition, the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review on July 2, 2008. On July 6, 2009, he filed his § 2254 application in the United States District Court for the District of Kansas, asserting (1) that he was denied his Sixth and Fourteenth Amendment right to a fair trial because of ineffective assistance of counsel; (2) that prosecutorial misconduct during closing arguments deprived him of a fair trial in violation of the Due Process Clause of the Fourteenth Amendment; and (3) that the Kansas hard-50 sentencing provisions violated his Sixth and Fourteenth Amendment rights under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

The district court rejected Mr. Hurt's § 2254 application as time-barred. It explained its calculation in an order requiring Mr. Hurt to show why his § 2254 application was not untimely. Because Mr. Hurt did not petition the United States Supreme Court for a writ of certiorari, the one-year limitation period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C.

§ 2244(d)(1)(A), began to run when his time to file such a petition expired on March 17, 2005, which was 90 days after the Kansas Supreme Court affirmed his conviction, *see Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("[T]he one-year limitation period for filing a federal habeas petition does not begin to run until . . . after the [90-day] time for filing a petition for certiorari with the Supreme Court has passed." (internal quotation marks omitted)); Sup. Ct. R. 13(1) (providing a 90-day period during which a petition for a writ of certiorari may be filed following entry of judgment by a state court of last resort). The limitations period ran until Mr. Hurt filed his state petition for postconviction relief in December 2005,[1] which tolled the running of the period until July 3, 2008, when the Kansas Supreme Court denied review. *See* 28 U.S.C. § 2244(d)(2). The one-year limitations period thus expired no later than November 2008, long before Mr. Hurt filed his federal habeas petition in July 2009.

In response, Mr. Hurt did not challenge the calculation but argued that he was entitled to equitable tolling because (1) his attorney "erroneously advised" him about the deadline for his application, R., Vol. 1 at 80; (2) procedural defaults do not apply to "substantive mental competency claims," *id.* (internal quotation marks omitted); and (3) the district court improperly acted sua sponte in

---

[1]The specific date in December 2005 on which Mr. Hurt filed his petition for postconviction relief in Kansas district court does not appear in the record. We will assume, as did the district court, that he filed it on December 1, 2005.

raising the issue of procedural default. The district court was not persuaded and dismissed the § 2254 application as untimely.

In requesting a COA from this court, Mr. Hurt asserts (1) that he was denied his Sixth and Fourteenth Amendment rights to a fair trial and to effective assistance of counsel because (a) trial counsel failed to pursue a *mens rea* defense and to challenge his competency to stand trial, (b) counsel failed to file a motion to suppress the firearm discovered during an allegedly unlawful search, and (c) counsel gave him incorrect information that led him to plead guilty to criminal possession of a firearm; (2) that the trial court and prosecutor failed to perform their own duties to investigate and present his mental-defect defense; (3) that the state court unlawfully denied his state habeas petition in that it failed to construe his pleadings liberally or to conduct an evidentiary hearing on the claims that he raised; and (4) that he is entitled to equitable tolling of the limitations period because (a) claims of substantive mental incompetency defeat a procedural bar, (b) he had constitutionally ineffective assistance of counsel, and (c) his postconviction counsel told him the incorrect deadline for submitting his habeas claim to federal court.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could

-4-

debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.* If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Because the district court was clearly correct in ruling that Mr. Hurt's § 2254 application was untimely, we need not address his arguments on the merits. The only dispute regarding timeliness is whether Mr. Hurt was entitled to equitable tolling. Although he states three grounds for tolling in his brief in this court, we limit our discussion to the two of those grounds that were raised below: (1) that his postconviction attorney told him the wrong deadline for filing his habeas petition and (2) that his claim of substantive mental incompetence cannot be procedurally barred. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir.

2007) (ordinarily we will not consider an argument on appeal that was not raised below).

As for Mr. Hurt's first argument, he does not allege that his counsel intentionally misled him, but rather that counsel "misquoted the deadline," Aplt. Br. at 28. There is no constitutional right to counsel at the habeas stage of a proceeding, and equitable tolling is not appropriate for simple negligence by habeas counsel. *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) ("Habeas counsel's negligence is not generally a basis for equitable tolling . . . ."); *cf. Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings."). We can also readily dispose of Mr. Hurt's second argument. Although a defendant's mental incompetence could certainly be cause for failure to preserve a claim in state-court proceedings, *see Nguyen v. Reynolds*, 131 F.3d 1340, 1346 (10th Cir. 1997); *Adams v. Wainwright*, 764 F.2d 1356, 1359 (11th Cir. 1985), he has not asserted that his untimeliness resulted from such incompetence. Indeed, as the district court noted, he has alleged "no facts other than his contested memory loss as the basis for his claim of mental incompetency at the time of the offense, and no facts whatsoever indicating he was mentally incompetent at trial." *Hurt v. McKune*, No. 09-03142-SAC, 2009 WL 3447246, at *2 (D. Kan. Oct. 21, 2009), *available at* R., Vol. 1 at 101 (footnote omitted).

## III.   CONCLUSION

No reasonable jurist could debate whether the district court's dismissal of Mr. Hurt's application under 28 U.S.C. § 2254 was "debatable or wrong." *Slack*, 529 U.S. at 484. Therefore we DENY the application for a COA and dismiss the appeal. We also DENY Mr. Hurt's motion to supplement the record.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge