FILED
United States Court of Appeals
Tenth Circuit

October 1, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDRICK ABRAM,

        Petitioner–Appellant,

v.

KEVIN MILYARD; JOHN W.
SUTHERS,

        Respondents–Appellees.

No. 08-1119
(D.C. No. 08-CV-00169-ZLW)
(D. Colo.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Fredrick Abram, a state prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254

petition for habeas relief. Because reasonable jurists would not find it debatable

whether the district court erred in its procedural ruling, we deny a COA and

dismiss the appeal.

**I**

On January 10, 2008, pursuant to 28 U.S.C. § 1915, Abram filed a motion

for leave to proceed in forma pauperis ("IFP") before the district court. On

January 28, Abram filed his petition for a writ of habeas corpus under § 2254. On

the same day, the district court denied Abram's motion to proceed IFP and ordered that Abram pay the $5.00 filing fee within 30 days or his petition would be dismissed. On February 4, Abram filed a response to the district court's January 28 order. In the response, Abram claimed he lacked sufficient funds to pay the $5.00 filing fee and moved the court to reconsider its decision denying him leave to proceed IFP. The response stated that a copy of his inmate trust fund account statement was attached, but no such attachment was included in the filing. Abram later filed a copy of his account statement on February 14.

On March 7, the district court denied the motion to reconsider and dismissed Abram's petition without prejudice for failure to pay the filing fee. The district court concluded, based on its review of Abram's account statement, that Abram had sufficient resources to pay the required filing fee. In particular, the district court found that Abram had a balance of $71.03 when he filed his petition, that he had a balance of $6.12 on February 11, and that a total of $55.37 had been deposited into his account between February 4 and February 6. Accordingly, the court found no reason Abram could not have paid the filing fee within 30 days of the January 28 order.

On March 20, Abram filed a "motion to have civil action number 08-cv-00169 BNB re-instated," which the district court construed as a timely motion to reconsider. Abram conceded he had $6.12 in his inmate account on February 11,

but he argued that it was immediately removed to cover hygiene items. On April 3, the district court denied the motion to reconsider its March 7 dismissal.

On April 4, Abram filed a notice of appeal, a motion for a COA, and a motion to proceed IFP on appeal. On April 8, the district court denied a COA, and on April 29, the court denied Abram's motion to proceed IFP on appeal, certifying that the appeal was not taken in good faith. See § 1915(a)(3). Abram now seeks a COA in this court so that he may appeal the district court's dismissal of his § 2254 habeas petition. He also moves for leave to proceed IFP.

**II**

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "'This standard requires an applicant to show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). When a district court dismisses a state prisoner's § 2254 habeas petition on procedural grounds without reaching the merits of the prisoner's constitutional claims, we will only grant a COA if two conditions are met. First, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Slack, 529 U.S. at 484. Second, the petitioner

must demonstrate that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007). In such a circumstance, no appeal is warranted. Slack, 529 U.S. at 484.

Abram cannot meet his burden as to the second requirement. See id. at 485 ("Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."). Before this court, Abram reiterates the argument he made before the district court that he lacked sufficient funds to pay the required filing fee. Moreover, he contends that the district court deliberately misrepresented the contents of his inmate trust fund account statement. In particular, he argues that although his account statement reflects the various balances identified by the district court in its March 7 order, in reality his available balances demonstrate he lacked sufficient funds to pay the filing fee.

It appears the district court misread Abram's account statement. As Abram points out, the account statement reflects both a "balance" and an "available balance," which appears to reflect the actual amount of money subject to

withdrawal. The district court's erroneous reading of the account statement, however, does not change the fact that Abram had sufficient resources to pay the $5.00 filing fee. On February 6, after Abram had notice that his motion to proceed IFP had been denied, Abram had more than a $5.00 available in his trust account. The reasons for Abram's spending do not change the fact that he had sufficient resources to pay the required filing fee. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003). Therefore, jurists of reason would not find it debatable whether the district court erred in dismissing Abram's petition for failure to pay the required fee.

### III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** Abram's motion to supplement the record. Because we agree with the district court that this appeal is not taken in good faith, we **DENY** Abram's motion to proceed IFP on appeal. See 28 U.S.C. § 1915(a)(3).

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

- 5 -