FILED
United States Court of Appeals
Tenth Circuit

October 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FREDRICK ABRAM,

      Petitioner-Appellant,

v.

KEVIN MILYARD; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 10-1321

(D.C. No. 1:08-CV-02300-WYD)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

Fredrick Abram, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial

of his 28 U.S.C. § 2254 application for federal habeas relief.  Because Abram has

failed to satisfy the standards for the issuance of a COA, we deny his request and

dismiss the matter.

I

On March 16, 2001, Abram was convicted by a jury in Colorado state

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

district court of the attempted murder and second degree assault of his common law wife. Abram was sentenced to forty-eight years' imprisonment for the attempted murder conviction and sixteen years' imprisonment for the assault charge, with the two sentences to run concurrently. Abram filed a direct appeal alleging, in pertinent part, that the state trial court erred in (a) denying his motion to suppress evidence seized following police officers' warrantless entry into his house, and (b) admitting evidence of Abram's prior bad acts.[1] The Colorado Court of Appeals rejected Abram's claims on the merits and affirmed his convictions in an unpublished decision issued on July 10, 2003. On December 22, 2003, the Colorado Supreme Court denied his petition for writ of certiorari.

On April 28, 2004, Abram filed a postconviction motion for sentence reconsideration. That motion was denied by the state district court on May 26, 2004. Abram did not appeal from that denial.

On September 24, 2004, Abram filed a pro se petition for writ of habeas corpus in Colorado state district court. Abram's petition was denied on February 4, 2005. Abram appealed that decision to the Colorado Court of Appeals, which denied his appeal on November 8, 2007. The Colorado Supreme Court

---

[1] The evidence of prior bad acts included "evidence of (1) two occasions when [Abram] attempted to contact the victim in violation of a restraining order; (2) an incident when [Abram] drove his car at the victim and then slammed on his brakes; . . . (3) prior beatings by [Abram] that the victim had reported to a coworker"; and (4) "evidence that, shortly before the beating that led to the charges, [Abram] had forced the victim to drive him around in an effort to find cocaine." ROA, Vol. 2

subsequently denied Abram's petition for writ of certiorari on March 31, 2008.

On October 23, 2008, Abram initiated these federal proceedings by filing a pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2]  On October 29, 2008, the district court directed Abram to file an amended application "assert[ing] clearly the specific claims he [wa]s raising and provid[ing] specific facts in support of each asserted claim."  ROA, Vol. 1 at 82.  Abram filed an amended habeas application on December 24, 2008.  On January 8, 2009, the district court directed Abram to file a second amended application clarifying the specific claims he was asserting and identifying "specific factual allegations [in] support [of] each asserted claim."  Id. at 83.  Abram, as directed, filed a second amended application on January 30, 2009.  In that application, Abram alleged, as he had on direct appeal, that the state trial court erred in (1) denying his motion to suppress evidence seized during a warrantless entry into his home by police officers, and (2) admitting evidence of prior bad acts committed by Abram.[3]

On July 6, 2010, the district court denied Abram's application and

_____

[2] Abram filed a prior § 2254 petition on January 28, 2008.  That petition, however, was dismissed without prejudice due to Abram's failure to pay the necessary filing fee.  This court subsequently declined to grant Abram a COA so that he could appeal the dismissal of that petition.  Abram v. Milyard, 295 F. App'x 286 (10th Cir. 2008).

[3] Although Abram's second amended application included a third claim for relief, that claim was dismissed by the district court as barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d).  Abram does not seek a COA to challenge that ruling.

dismissed the action with prejudice. In doing so, the district court addressed and rejected on the merits the two claims asserted by Abram. With respect to Abram's Fourth Amendment challenge to the warrantless entry into his home by police officers, the district court noted that "'where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.'" Id., Vol. 4. at 874 (quoting Stone v. Powell, 482 U.S. 465, 494 (1976)). In turn, the district court noted it was undisputed that Abram "filed a motion to suppress evidence obtained as a result of the warrantless entry, . . . the trial court held a hearing on the motion to suppress [and] . . . issued its ruling, . . . Abram challenged the trial court's ruling on the motion to suppress in his direct appeal," and also "raised the issue of the warrantless entry during his postconviction proceedings." Id. at 875. The district court further noted that in his application for federal habeas relief, Abram "d[id] not assert that proceedings before the trial court were not 'full and fair,' nor d[id] he appear to assert that the incorrect legal standard was applied to his claim." Id. Ultimately, the district court concluded as follows:

> Upon review of the record, I find that Mr. Abram was afforded a full and fair opportunity to present his Fourth Amendment claim. In addition, I find that the trial court and the Court of Appelas [sic] applied the correct legal standard when evaluating this claim. While the Colorado state courts looked to state case law in making their

4

decisions on Mr. Abram's allegations, the rulings in the state cases which were cited are solidly based in Fourth Amendment precedent as set forth by the United States Supreme Court. Under this precedent, the Colorado Court of Appeals determined that the warrantless search of Mr. Abram's home was justified pursuant to the emergency aid exception set forth in People v. Hebert, 46 P.3d 473 (Colo. 2002), and that it was not unreasonable under the circumstances for the police to go through the fence gate to try the back door after there was no response to their knock at the front door of the house.

Mr. Abram does not assert, nor is it apparent from the record, that the trial court or the Colorado Court of Appeals failed to recognize or willfully refused to apply the correct and controlling constitutional standards. Mr. Abram disagrees with the result and would like this Court to reconsider the Fourth Amendment issue anew. However, pursuant to Stone, 428 U.S. at 494, Mr. Abram is not entitled to seek federal habeas review of the legitimacy of the trial or appellate courts' determination that the warrantless search of his home was justified under the emergency aid exception. Accordingly, I find Mr. Abram's first claim must be dismissed.

Id. at 875-76.

As for Abram's challenge to the state trial court's admission of prior bad acts evidence, the district court recounted in detail the procedural history of the claim in the Colorado state courts. Then, citing Tenth Circuit case law, the district court noted that, "[a]bsent a showing that the admission of evidence violated a specific constitutional right, [a] federal habeas court will not disturb [a] state court's evidentiary ruling unless it was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." Id. at 878 (internal quotation marks and citations omitted). The district court also noted that "[t]he Supreme Court ha[d] never held that the admission of

5

prior acts evidence violates due process." Id. at 879 (citing Estelle v. McGuire, 502 U.S. 62, 75 (1991), and Spencer v. Texas, 385 U.S. 554, 563-64 (1967)). Applying those principles to Abram's case, the district court concluded as follows:

> Here, Mr. Abram has not demonstrated that the admission of the evidence of prior bad acts evidence violated a specific constitutional right. Moreover, the record reflects that neither the trial court's decision on admissibility nor the Colorado Court of Appeals' decision were contrary to federal law or objectively unreasonable in light of the evidence presented in the state court proceedings. Finally, upon review of the record, I find that the probative value of the evidence was not so greatly outweighed by any prejudice flowing from its admission that the admission denied Mr. Abram due process of law. I find that admission of the prior acts evidence did not render Mr. Abram's trial fundamentally unfair. Therefore, Mr. Abram's [sic] is not entitled to federal habeas relief as to his second claim.

Id.

As part of its order of dismissal, the district court ordered "that no certificate of appealability will issue because A[bram] has not made a substantial showing of the denial of a constitutional right." Id. at 880. Abram has since filed a timely notice of appeal and a request for COA with this court. Abram has also filed a motion to proceed in forma pauperis on appeal.

## II

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first

6

issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After reviewing the record on appeal, we conclude that Abram is unable to make the requisite showing for the issuance of a COA. Although Abram contends otherwise, we are not persuaded that reasonable jurists could disagree with the district court's conclusion that his Fourth Amendment claim was fully and fairly litigated in the Colorado state courts. As the district court noted, the state trial court held an evidentiary hearing on Abram's claim, and both the state trial court and Colorado Court of Appeals on direct appeal applied the correct legal principles in resolving the claim. Consequently, there is no room for debate that the district court properly denied Abram's request for federal habeas relief on this claim. See Stone, 428 U.S. at 494 (holding that state prisoner may not obtain federal habeas relief on the basis of a Fourth Amendment claim that was fully and fairly litigated in state court). Likewise, we are not persuaded, after reviewing the record on appeal, that reasonable jurists could debate whether the district court erred in denying Abram's claim for federal habeas relief on the basis of the

7

state trial court's admission of prior bad acts evidence.  In particular, nothing in the record remotely suggests that the state trial court's evidentiary rulings rendered Abram's trial so fundamentally unfair as to violate Abram's due process rights.  See Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002) (noting that, under Tenth Circuit precedent, state habeas petition "may only obtain habeas relief for an improper state evidentiary ruling if the alleged error was so grossly prejudicial [that it] fatally infected the trial and denied the fundamental fairness that is the essence of due process" (internal quotation marks omitted)).

The motion for leave to proceed on appeal in forma pauperis and the request for a COA are DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Chief Judge