F I L E D
United States Court of Appeals
Tenth Circuit

DEC 17 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TROY PELTS,

          Petitioner-Appellant,

v.

PAGE TRUE, Warden, and A. GILL,
Disciplinary Hearing Officer,
LOMPOC Federal Prison,

          Respondents-Appellees.

Case No. 97-3070

(D.C. 96-3449-RDR)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

Troy Pelts alleges in a 28 U.S.C. § 2241[1] habeas petition that he was denied

due process in administrative disciplinary proceedings conducted in June 1995 at

a federal penitentiary. The district court declined to review Mr. Pelts's petition

because he failed to appeal in a timely manner at the administrative level and

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]    Because Mr. Pelts appeals from an order dismissing a petition filed under 28 U.S.C. § 2241, no certificate of appealability under 28 U.S.C. § 2253 is required. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

could not show the cause and prejudice required because of his procedural default. We affirm, agreeing with the district court that Mr. Pelts cannot show good cause for his procedural default.[2]

On June 25, 1995, while housed at the federal penitentiary in Lompoc, California, Mr. Pelts received an incident report for violation of three institutional rules. At a hearing on July 13, 1995, a disciplinary officer found Mr. Pelts guilty of all three charges and sanctioned him with a disciplinary transfer, sixty days of disciplinary segregation, loss of good time, and loss of visitation and commissary privileges. Mr. Pelts appealed to the Bureau of Prisons Western Regional Office, and on August 9, 1995, the Acting Regional Director denied Mr. Pelts's appeal. Mr. Pelts appealed to the national level, the General Counsel at the Bureau of Prisons in Washington, D.C., on August 28, 1995. However, the General Counsel returned the appeal because Mr. Pelts failed to submit the requisite number of copies and gave Mr. Pelts an additional fifteen days from August 31, 1995, to resubmit his appeal. Mr. Pelts did not resubmit his appeal until July 16, 1996, almost eleven months later. Because his appeal was untimely, the General Counsel refused to entertain it. Mr. Pelts offers as the excuse for his tardiness

---

[2] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

that he was about to be transferred when the General Counsel returned his appeal and that he was in fact transferred to Leavenworth on September 8, 1995.

Federal prisoners are ordinarily required to exhaust administrative remedies before petitioning for a writ of habeas corpus. See Brice v. Day, 604 F.2d 664 (10th Cir. 1979). Because Mr. Pelts failed to appeal in a timely manner, he has committed a procedural default which makes administrative review of his claim unavailable, and we will only consider his § 2241 petition if he can demonstrate cause and prejudice. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3rd Cir. 1996); Sanchez v. Miller, 792 F.2d 694, 697 (7th Cir. 1986); cf. Wolff v. United States, 737 F.2d 877, 880 (10th Cir. 1984) ("if there is good cause for not having advanced the particular matter relied on in the federal collateral habeas corpus proceeding at trial, and there is actual prejudice, then federal relief may be available"). Mr. Pelts has not demonstrated cause for his failure to appeal in a timely manner. Although he was transferred to Leavenworth on September 8, the only reason his appeal was returned to him was because he did not submit enough copies, an error he likely could have remedied between August 31 and September 8. Even if he could not have sent more copies before being transferred to Leavenworth, he could have made an effort to resubmit his appeal to the General Counsel's office shortly after his transfer. He did not, and he offers us no explanation for his delay of almost eleven months. Therefore, his petition is

dismissed as barred by procedural default.  The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge