FILED
United States Court of Appeals
Tenth Circuit

December 12, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOSEPH MACASTLE JACKSON,

Petitioner - Appellant,

v.

TRACY MCCOLLUM, Warden,

Respondent - Appellee.

No. 14-6175
(W.D. Oklahoma)
(D.C. No. 5:13-CV-00147-C)

ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DISMISSING THE APPEAL

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

This appeal grew out of an application for habeas relief by Mr.

Joseph Jackson.  In the application, he alleged an Eighth Amendment

violation from a regulatory restriction on transfer to community

confinement.  The district court dismissed the application without

prejudice, holding alternatively that the claim would not support habeas

relief and was not exhausted.

Mr. Jackson requests a certificate of appealability to appeal the

denial of habeas relief.  Because no reasonable jurist would find the claim

exhausted, we hold that Mr. Jackson is not entitled to a certificate of appealability. Thus, we dismiss the appeal.

## Standard for a Certificate of Appealability

To appeal, Mr. Jackson needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). For the certificate, Mr. Jackson must show that reasonable jurists could find the district court's ruling on exhaustion debatable or wrong. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

## Exhaustion of Administrative Remedies

Administrative remedies must be exhausted before the filing of a habeas application. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

The state department of corrections provided a grievance procedure. Under this procedure, Mr. Jackson could file a grievance. He took advantage of this option by filing a grievance.

Under the procedure, the warden was to decide the grievance. The warden did so, instructing Mr. Jackson that the grievance had to be corrected because it addressed multiple issues.

At that point, Mr. Jackson could correct and resubmit the grievance or he could appeal. Notwithstanding this opportunity, Mr. Jackson failed to act. Thus, Mr. Jackson did not exhaust all of the available administrative remedies.

Mr. Jackson argues that exhaustion would be futile. We disagree, for exhaustion is not futile when further administrative review is available. *Id.* at 1204. Review would have been available if Mr. Jackson had corrected the grievance or filed an administrative appeal. Thus, we deny a certificate of appealability and dismiss the appeal.[1]

### In Forma Pauperis

Mr. Jackson seeks not only a certificate of appealability, but also leave to proceed in forma pauperis. Because we have dismissed the appeal, the application for pauper status is dismissed on the ground of mootness. *Johnson v. Keith*, 726 F.3d 1134, 1136 (10th Cir. 2013) (denying leave to proceed in forma pauperis on the ground of mootness upon denial of a certificate of appealability)

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[1] Because the habeas claim is unexhausted, we need not reach the district court's alternative conclusion that the allegations were not cognizable as a habeas claim.

3