FILED
United States Court of Appeals
Tenth Circuit

March 22, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSEPH MACASTLE JACKSON,

Petitioner - Appellant,

v.

TRACY McCOLLUM, Warden;
OKLAHOMA DEPARTMENT OF
CORRECTIONS; JUSTIN JONES,
Director,

Respondents - Appellees.

No. 16-6009
(D.C. No. 5:13-CV-00147-C)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Petitioner-Appellant Joseph Macastle Jackson, an Oklahoma state inmate

appearing pro se, seeks a certificate of appealability ("COA") allowing him to

appeal the denial of his motion to reinstate his 28 U.S.C. § 2241 habeas

application that the district court dismissed in 2014. We deny his request for a

COA and dismiss this appeal.

In 2013, Mr. Jackson alleged that his Eighth Amendment rights were

violated by an Oklahoma Department of Corrections regulation prohibiting his

transfer to a lower security facility. The district court dismissed his application

without prejudice, adopting the magistrate judge's supplemental report and recommendation that Mr. Jackson had no remedy under § 2241, and alternatively, that he failed to exhaust available Oklahoma Department of Corrections administrative remedies. Jackson v. McCollum, No. CIV-13-147-C, 2014 WL 3689671 (W.D. Okla. July 23, 2014). We denied a COA, finding that his claims were not exhausted and refusing to reach the merits. Jackson v. McCollum, 587 F. App'x 502 (10th Cir. 2014) (unpublished), cert. dismissed, 136 S. Ct. 101 (2015). Nearly a year later, Mr. Jackson attempted to properly exhaust, but corrections officials denied his appeal as untimely. 1 R. 29.

Mr. Jackson now seeks to reinstate his § 2241 application, arguing that his failure to exhaust should be overlooked. The district court summarily denied his motion to reinstate noting that it was "without legal or factual foundation." Id. at 144. On appeal, Mr. Jackson recounts his efforts to exhaust and argues for relief on the merits.

To proceed, Mr. Jackson must obtain a COA. See Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). He is entitled to a COA only upon making "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), or put differently, that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," Miller–El v. Cockrell, 537 U.S. 322, 327 (2003).

- 2 -

Mr. Jackson attempts to satisfy this standard by arguing that while he did not exhaust his grievance, the process's instructions and procedures are, in essence, vague, confusing, and unfair. Aplt. Br. at 14–37. Giving his pro se pleadings their mandated liberal construction, we construe Mr. Jackson's arguments to be both that exhaustion was futile and that the lack of clarity surrounding the grievance process should excuse his failure to comply with procedural requirements.

While we recognize futility as a narrow exception to the exhaustion requirement, see Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010), this exception no longer aids Mr. Jackson. It is now too late for him to register his grievance with corrections officials. See 1 R. 30 (denying appeal out of time). With no avenues left to pursue, Mr. Jackson has technically exhausted his claim, see Coleman v. Thompson, 501 U.S. 722, 732 (1991), but he has failed to comply with administrative requirements and his claims are thus barred by procedural default, see Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996); see also Pelts v. True, 132 F.3d 43 (10th Cir. 1997) (unpublished). His assertion that the grievance process is confusing or unclear does not establish either (1) cause and prejudice or (2) a fundamental miscarriage of justice — and one of these is required to overcome a procedural default. See Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007). No jurist of reason would find it debatable whether the district court was correct in its ruling.

Accordingly, we DENY Mr. Jackson's request for a COA and DISMISS this appeal. Mr. Jackson's application to proceed on appeal in forma pauperis and his request for counsel are also DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge