FILED
United States Court of Appeals
Tenth Circuit

October 3, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERIC JOSEPH LAURSON,

            Petitioner - Appellant,

    v.

RON LEYBA, Warden at A.V.C.F.;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

            Respondents - Appellees.

No. 07-1177

(D. Colorado)

(D.C. No. 05-cv-2635-ZLW)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Eric Joseph Laurson is an inmate in the custody of the Colorado

Department of Corrections. The United States District Court for the District of

Colorado dismissed his application for relief under 28 U.S.C. § 2254 as barred by

the one-year statute of limitations imposed by the Antiterrorism and Effective

Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). The district court

denied two motions for reconsideration under Fed. R. Civ. P. 60(b). We construe

Mr. Laurson's application for a certificate of appealability (COA) under

28 U.S.C. § 2253 as requesting a COA to appeal both the dismissal of his § 2254

application[1] and the denial of his two motions to reconsider the dismissal. Because no "jurist[] of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect," *Slack v. McDaniel*, 529 U.S. 473, 485 (2000), we deny a COA and dismiss the matter.

## I.    BACKGROUND

Mr. Laurson pleaded guilty to a charge of solicitation to commit murder in the second degree.  His conviction was entered January 8, 1999.  He did not appeal the conviction, but in December 2001 he filed in state court a motion for postconviction relief, which was denied.  The Colorado Court of Appeals affirmed the denial, *People v. Laurson*, 70 P.3d 564 (Colo. Ct. App. 2002), and the Colorado Supreme Court denied his petition for a writ of certiorari on June 16, 2003.

On December 28, 2005, Mr. Laurson filed a pro se application for relief under 28 U.S.C. § 2254.  The magistrate judge ordered him to show cause why his application should not be barred by the one-year limitation period of 28 U.S.C. § 2244(d).  Mr. Laurson failed to respond to the order, and the district court dismissed his application on March 14, 2006.  One year later**,** on March 14, 2007, Mr. Laurson filed a motion for relief under Rule 60(b), alleging that he had timely

---

[1]Mr. Laurson's attempt to appeal the dismissal of his § 2254 application appears to be untimely.  Although this is a jurisdictional matter, *see Bowles v. Russell*, 127 S. Ct. 2360, 2363 (2007), we need not address the issue because we are refusing to take jurisdiction on other grounds.

sought an extension to respond to the show-cause order but had mistakenly filed the motion with the wrong case number. He attached to the motion a copy of the motion for extension that he had attempted to file and a copy of his proposed answer to the order to show cause. The court, finding that there was no extraordinary circumstance to justify Rule 60(b) relief, denied the motion to reconsider on March 23, 2007. Mr. Laurson filed a second Rule 60(b) motion on April 10, 2007, seeking reconsideration of the March 23 order. The court ruled that even accepting Mr. Laurson's excuses for his failure to respond timely to the show-cause order, his response to the show-cause order did not establish that he was entitled to equitable tolling of the statute of limitations. Concluding that the action was properly dismissed as time-barred, the court declined to issue a COA.

## II.    DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks omitted). In other words, an applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, as here, the applicant faces a

double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether . . . the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

AEDPA establishes a one-year limitations period for challenging a state-court conviction. See 28 U.S.C. § 2244(d). It is undisputed that the limitations period began to run when the time for seeking direct review of Mr. Laurson's January 1999 conviction expired in early 1999. *See* Colo. App. R. 4(b)(1) (providing 45 days to appeal conviction). Although the one-year period is tolled while state postconviction review is pending, *see* 28 U.S.C. § 2244(d)(2), the one-year period had long expired before Mr. Laurson filed for state postconviction relief in December 2001.

The one-year statute of limitations is not jurisdictional and can be equitably tolled, but equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted). Mr. Laurson asserts two grounds for equitable tolling; neither is valid.

First, Mr. Laurson alleges that he is entitled to equitable tolling because his dyslexia delayed his filing for relief. He raises this argument for the first time on

appeal. As a general rule, this court will not consider an issue not raised below. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992). But even if Mr. Laurson had not forfeited this argument by failing to present it to the district court, dyslexia is not a ground for tolling the AEDPA statute of limitations. *See Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir. 1999) (unfamiliarity with the law due to illiteracy does not toll limitations period); *Jamison v. Jones*, 197 Fed. App'x 743, 746 (10th Cir. 2006) (unpublished) (following *Turner*); *Gomez v. Leyba*, No. 07-1118, 2007 WL 1765536 (10th Cir. June 20, 2007) (unpublished) (unfamiliarity with the English language does not toll limitations period); *United States v. Richardson*, 215 F.3d 1338 (10th Cir. 2000) (unpublished decision table) (learning disability does not toll limitations period).

Second, Mr. Laurson contends that he is entitled to equitable tolling because he is actually innocent of the crime of which he was convicted. A claim of actual innocence may toll the AEDPA statute of limitations. *See Gibson*, 232 F.3d at 808. Mr. Laurson offers three reasons why he is actually innocent: (1) that the crime of which he was convicted does not exist in Colorado, (2) that his guilty plea was involuntary due to both the nonexistence of his crime and his dyslexia, and (3) that his sentence exceeded the permissible statutory range and that his crime had been placed in the wrong felony class for sentencing. The first is a question of state law that is not reviewable under § 2254. *See Estelle v.*

*McGuire*, 502 U.S. 62, 68 (1991); *Dockins v. Hines*, 374 F.3d. 935, 940 (10th Cir. 2004) ("Federal habeas courts will not . . . review issues of purely state law.") Mr. Laurson's other arguments do not relate to actual innocence. Actual innocence means "factual innocence." *See Bousley v. United States*, 523 U.S. 614, 623 (1998). A claim that his guilty plea was involuntary does not assert that he did not commit the crime to which he pleaded guilty. And as to Mr. Laurson's argument that his sentence was improper, "a person cannot be actually innocent of a noncapital sentence." *Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996) (brackets and internal quotation marks omitted).

No reasonable jurist could dispute that the district court was correct to dismiss Mr. Laurson's application as time-barred. Accordingly, we deny a COA to appeal the dismissal.

Mr. Laurson also requires a COA to appeal the denials of his two Rule 60(b) motions. *See Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) ("[W]e conclude that a COA is required to appeal from the denial of a true Rule 60(b) motion."). The district court dismissed Mr. Laurson's habeas application as barred by the statute of limitations after he failed to respond to the order to show cause. Even if Mr. Laurson could justify his failure to respond to the order, the court was correct to deny the 60(b) motions unless Mr. Laurson presented a meritorious argument for why his habeas application should not be dismissed as

time-barred in the first place.  For the reasons discussed above, Mr. Laurson's arguments for equitable tolling lack merit.

We conclude that reasonable jurists would not debate the correctness of the district court's procedural rulings.  Accordingly, we DENY Mr. Laurson's application for a COA and DISMISS this matter.  We GRANT Mr. Laurson's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge