FILED
United States Court of Appeals
Tenth Circuit

October 6, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRUCE A. MABRY,

Defendant-Appellant.

No. 14-3160
(D.C. Nos. 6:14-CV-01140-EFM
& 6:11-CR-10102-EFM-1)
(D. Kansas)

---

**ORDER**

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Mr. Bruce Mabry was on parole, at home with his girlfriend, when two law enforcement officers came to the door to serve Mr. Mabry with a warrant. The officers talked with the girlfriend, then entered and found Mr. Mabry, along with a sawed-off shotgun. Tr. Mot. Suppress Hr'g at 40, 44-45, 65. The firearm was not registered, and Mr. Mabry was charged with possession of an unregistered firearm.

His attorneys unsuccessfully moved to suppress evidence of the firearm, and Mr. Mabry pleaded guilty. After an unsuccessful appeal,[1] Mr. Mabry moved

---

[1]     *United States v. Mabry*, 728 F.3d 1163, 1170 (10th Cir. 2013).

to vacate the sentence under 28 U.S.C. § 2255. That motion contained allegations that

> (1) officers should not have entered the girlfriend's residence because they lacked reasonable suspicion that Mr. Mabry was inside, and
>
> (2) defense counsel was ineffective for failing to challenge the search on this ground.

The district court denied relief under § 2255. Mr. Mabry wants to appeal and, in order to do so, he asks us for a certificate of appealability. This request is denied.

We can issue a certificate of appealability only if Mr. Mabry has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). To satisfy this requirement, Mr. Mabry must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)), *superseded by statute*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, *as recognized in Slack*, 529 U.S. at 483-84) (internal quotation mark omitted). Under this test, Mr. Mabry must show "that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

We apply this standard to assess the viability of the underlying claim: ineffective assistance of counsel.  On this claim, Mr. Mabry would need to show that

- his counsel's representation "fell below an objective standard of reasonableness," and

- "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  In applying these elements, reasonable jurists could not debate the outcome.

Mr. Mabry claims that his attorney should have challenged the search on the ground that officers had lacked reasonable suspicion to believe that he was inside the residence.[2]  From the existing record, no reasonable jurist could credit this claim.

For this challenge, Mr. Mabry relies solely on the evidence presented at the hearing on the motion to suppress.  This evidence showed:

- Mr. Mabry had obtained approval from his parole officer to move in with the girlfriend at 1301 North Bitting, and

_____

[2]     When the officers went to the residence, they had a warrant.  Tr. Mot. Suppress Hr'g at 12-13.  With this warrant, the officers could enter as long as they had reason to believe Mr. Mabry was in the residence.  *See Payton v. New York*, 445 U.S. 573, 603 (1980).

-3-

- the agent who confronted the girlfriend knew that Mr. Mabry's last reported address was 1301 North Bitting.[3]

Tr. Mot. Suppress Hr'g at 9-11, 25-26, 39.

Mr. Mabry counters this evidence by claiming that the girlfriend has denied that he was present and tried to close the door. But Mr. Mabry has misstated the evidence.

The parties stipulated that the girlfriend had not wanted the officers to enter. *Id.* at 80. But, neither Mr. Mabry nor the girlfriend testified at the hearing. The only witnesses to testify about the scene at the doorway were the two officers who spoke with the girlfriend: Warren Evans and Tricia Tiede. *Id.* at 2, 40, 51-52. Officer Evans testified that when the door was opened, he told the girlfriend that he was there for Mr. Mabry and she responded that he was in the shower or the bathroom. *Id.* at 40, 51. Then, according to Officer Evans, he saw Mr. Mabry. *Id.* at 40, 51-52. Officer Evans later confirmed that there was "no question" that the man he had seen was Bruce Mabry. *Id.* at 41.[4]

Based on this evidence, no reasonable jurist could fault Mr. Mabry's attorney for her strategy. The undisputed evidence at the hearing was that Mr.

---

[3]    In his memorandum seeking relief under § 2255, Mr. Mabry acknowledged that Officer Evans had looked for the last reported address, found the address for the girlfriend, and gone there to make the arrest. R. at 39, 42.

[4]    Officer Tiede testified that she had not seen Mr. Mabry and that Officer Evans had been the one who knocked on the door and did the talking. Mot. Suppress Hr'g at 71.

Mabry lived in the residence, it was his last known address, the girlfriend told Officer Evans that Mr. Mabry was inside the residence (in the shower or bathroom), and Officer Evans saw Mr. Mabry before entering. Faced with this evidence, an attorney could justifiably decline to question the reasonableness of the officers' suspicion that Mr. Mabry was in the residence. And if an attorney had made such an argument, it would not likely have convinced any judge.

Mr. Mabry disagrees, predicting that such an argument would have convinced the same district judge who ultimately decided to deny the motion to suppress. For this prediction, Mr. Mabry relies on his own recollection of the testimony and the district court's rationale when denying the suppression motion.

Mr. Mabry states that the suppression hearing included evidence that

- Officer Evans had seen Mr. Mabry only after the girlfriend tried to close the door,[5] and

- the officers had lacked any information regarding Mr. Mabry's presence when the door was half closed.[6]

Even with these contentions, the officers would have had:

- the girlfriend's address as Mr. Mabry's last known address,

- the girlfriend's statement that Mr. Mabry was present (either in the bathroom or shower), and

- Officer Evans's undisputed testimony that he had seen Mr. Mabry before the officers walked in.

---

[5] R. at 39-40; Appellant's Supp. Br. at 2.

[6] R. at 42.

If the officers had not seen Mr. Mabry until after the door was half-closed, they could still have reasonably believed that Mr. Mabry was inside.

Mr. Mabry relies not only on his own recollection of the testimony, but also on snippets of the district court's rationale for denying the motion to suppress. There, the district court stated:

- Mr. Mabry had told the parole officer that he was living with his girlfriend at 1301 North Bitting,

- the girlfriend tried to close the door, and

- Officer Evans saw Mr. Mabry before the officers entered.

Mr. Mabry adds:

- the court could not consider the sighting of Mr. Mabry because the officers had stopped the girlfriend from closing the door, and

- without that evidence, the district court's statements would not allow a reasonable officer to believe that Mr. Mabry was present.

This argument would not convince any reasonable jurist. Even with this version of events, the evidence remained undisputed that

- Mr. Mabry had obtained approval to live at this residence,

- this residence was Mr. Mabry's last known address, and

- the girlfriend said that Mr. Mabry was inside.

With this evidence, no reasonable jurist could find that the legal representation was deficient or prejudicial.

We conclude that Mr. Mabry's claim is not reasonably debatable.

Accordingly, we decline a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge