FILED
United States Court of Appeals
Tenth Circuit

December 19, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SPENCER FOSTER,

        Petitioner-Appellant,

v.

EMMA WATTS, Warden,

        Respondent-Appellee.

No. 14-5099
(D.C. No. 4:11-CV-00758-JHP-PJC)
(N.D. Oklahoma)

ORDER

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Mr. Spencer Foster was convicted in state court on charges involving robbery with a firearm after a felony conviction. He obtained a ten-year suspended sentence, but the state district court order revocation and sentenced Mr. Foster to ten years in prison. After unsuccessfully appealing in state court, Mr. Foster sought habeas relief in federal district court. This effort also proved unsuccessful, and he seeks to appeal the denial of habeas relief. To do so, however, he needs a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (2012). We deny the request and dismiss the appeal.

Mr. Foster appeals denial of relief on two of the three claims asserted in district court:

- failure to conduct a revocation hearing within 20 days of his plea, and

- excessiveness of the ten year sentence.

We can issue a certificate of appealability only if Mr. Foster has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). To satisfy this requirement, Mr. Foster must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)), *superseded by statute*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, *as recognized in Slack*, 529 U.S. at 483-84) (internal quotation mark omitted). Under this test, Mr. Foster "must show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

In the absence of waiver by the defendant, Oklahoma law requires the state district court to conduct a revocation hearing within 20 days of a not guilty plea. Okla. Stat. tit. 22 § 991b(A). Mr. Foster waived the 20-day requirement for the initial revocation petition. But authorities amended that petition, and Mr. Foster denies that he waived the 20-day provision on the amended petition.

2

This dispute, however, is immaterial. In the habeas petition, Mr. Foster claimed only that the state district court had lost jurisdiction because of the delay. This claim is invalid because it involves a matter of state law and the state appeals court resolved this issue adversely to Mr. Foster. Habeas relief is warranted only by violations of federal law, not state law, and the Oklahoma Court of Criminal Appeals is the final arbiter on matters of Oklahoma law. *See Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) (state-law issues not cognizable on federal habeas review); *United States v. DeGasso*, 369 F.3d 1139, 1145 (10th Cir. 2004) (state courts are the final arbiters of state law). In these circumstances, the federal district court's rejection of the claim is not "reasonably debatable."

The same is true of Mr. Foster's challenge to the ten-year sentence. Under Oklahoma law, the minimum sentence involved ten years, and the state court revoked the suspended sentence and set a prison term of ten years. Imposition of the statutory minimum was not constitutionally excessive, as explained by the federal district court. Thus, this claim is not reasonably debatable.

In these circumstances, we deny the request for a certificate of appealability. In light of the absence of a certificate, we dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3