FILED
United States Court of Appeals
Tenth Circuit

July 14, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY BRIAN BROWN,

Defendant - Appellant.

No. 15-4039
(D.C. Nos. 2:13-CV-00603-DB and
2:01-CR-00281-DB-1)
(D. Utah)

ORDER DENYING A CERTIFICATE
OF APPEALABILITY[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Defendant-Appellant Timothy Brian Brown, a federal inmate appearing pro se, seeks a certificate of appealability (COA) to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court denied the motion as time-barred under the one-year limitation period of § 2255(f). Brown v. United States, No. 2:13–CV–603, 2015 WL 205179, at *1–3 (D. Utah Jan. 14, 2015). Because we determine that Mr. Brown has not shown "that jurists of reason would find it debatable whether the petition

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," we deny a COA and dismiss the appeal.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

On July 25, 2001, Mr. Brown pled guilty to the sexual exploitation of children in violation of 18 U.S.C. § 2251(a).  On November 28, 2001, the district court sentenced him to 188 months' imprisonment and imposed a $2500 fine and $1595 in restitution.  He did not pursue a direct appeal.  On July 31, 2012, Mr. Brown filed a motion to reconsider his sentence, which was denied on September 13, 2013.  On June 26, 2013, Mr. Brown filed his § 2255 motion.

Section 2255 imposes a one-year limitation period generally commencing on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Mr. Brown's judgment was entered on November 28, 2001 and became final on December 12, 2001, when he did not file an appeal.  Because Mr. Brown sought habeas relief long after December 12, 2002, the district court's procedural ruling that his petition is time-barred is not reasonably debatable. Slack, 529 U.S. at 484.

Mr. Brown argues he is nevertheless entitled to relief due to "actual innocence."  The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations."  McQuiggin v.

Perkins, 133 S. Ct. 1924, 1928 (2013). Yet, a viable claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Here, Mr. Brown offers no such evidence to support a claim that he is factually innocent of the crimes to which he pled guilty. Laurson v. Leyba, 507 F.3d 1230, 1233 (10th Cir. 2007) ("Actual innocence means 'factual innocence.'" (quoting Bousley v. United States, 523 U.S. 614, 623 (1998))).

Instead, Mr. Brown appears to argue that he is "innocent" because in 2012 the Supreme Court instituted "a new rule of Constitutional Law" relieving him of criminal liability because the federal government lacked authority under the Commerce Clause to prosecute him. 3 R. 16 (citing Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S. Ct. 2566 (2012)). He further argues his petition is timely because, although he filed it over a decade after his judgment became final, he filed it within one year of the Court's decision in Sebelius, issued on June 28, 2012. 28 U.S.C. § 2255(f)(3). For the reasons outlined by the district court, Sebelius did not alter any portion of the law concerning the federal court's jurisdiction over Mr. Brown's conviction for sexual exploitation of children.

Mr. Brown also asserts he was convicted twice, in violation of the Double Jeopardy Clause, by Utah and the federal government. Aplt. Br. 4. The Double

Jeopardy Clause is not implicated here, where "a defendant in a single act violate[d] the 'peace and dignity' of two sovereigns by breaking the laws of each," thereby committing "distinct offenses." Heath v. Alabama, 474 U.S. 82, 88 (1985).

We DENY a COA and IFP status, and we DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge