FILED
United States Court of Appeals
Tenth Circuit

September 29, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MIGUEL ANGEL ORDAZ,

    Defendant - Appellant.

No. 15-8035
(D.C. Nos. 2:15-CV-00004-NDF and
1:10-CR-329-NDF-3)
(D. Wyo.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND DISMISSING THE APPEAL**
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

This case grew out of the government's investigation of a suspected drug

dealer, Mr. Miguel Ordaz. The investigation led to a search of Mr. Ordaz's house,

where agents found a black bag containing a chemical substance and a machine

gun. This discovery led to a conviction on multiple charges, including (1)

possession of methamphetamine with intent to distribute and (2) possession of a

machine gun in furtherance of a drug trafficking crime.

After unsuccessfully appealing, Mr. Ordaz moved for vacatur of the

conviction under 28 U.S.C. § 2255, arguing that

- on the methamphetamine charge, his trial counsel was ineffective for
  failing to request a sample of the drug so that he could test it and

- on the machine-gun charge, the evidence was insufficient because the machine gun was inoperable and could not have been used to further a drug trafficking crime.

The district court denied relief, and Mr. Ordaz wants to appeal. To do so, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). The district court declined to issue the certificate. Like the district court, we decline to issue the certificate. As a result, we dismiss the appeal.

## Mr. Ordaz's Burden

We can issue a certificate of appealability only if Mr. Ordaz has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). To satisfy this requirement, Mr. Ordaz must show "that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## The Methamphetamine Charge

The first claim involves ineffective assistance of counsel on the charge involving possession of methamphetamine with intent to distribute. This conviction was based on the substance found in Mr. Ordaz's bag. The government ran tests, which identified the substance as a combination of methamphetamine and a cutting agent (called "M.S.M."). Mr. Ordaz believes that independent tests would have showed that the substance consisted solely of the cutting agent.

If we were to entertain an appeal, Mr. Ordaz would need to show (1) deficiency in his legal representation and (2) prejudice from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Applying this test, the district court concluded that the claim fails under *United States v. Baca*, 687 F.2d 1356, 1361 (10th Cir. 1982). There we rejected a similar claim, reasoning that the attorney could have made a strategic decision to bypass further testing because of uncertainty regarding the eventual results. 687 F.2d at 1360. If the results ended up positive, they would have strengthened the government's case. *Id.*

Under *Baca*, Mr. Ordaz's claim is not reasonably debatable. At trial, his attorney vigorously attacked the government's tests. If the attorney were to obtain his own tests, a positive result would have prevented this line of attack. Thus, our precedent in *Baca* would lead any reasonable jurist to reject Mr. Ordaz's claim.

**The Machine-Gun Charge**

Mr. Ordaz also argues that because the machine gun was inoperable, it could not have been used to further a drug crime. But Mr. Ordaz raised the same argument in his direct appeal, and a panel of our court rejected this argument. *United States v. Renteria*, 720 F.3d 1245, 1255 (10th Cir. 2013).[1] Because we

---

[1]    Mr. Ordaz states that his appellate counsel failed to raise this issue in the direct appeal. Appellant's Br. at 17. Mr. Ordaz is mistaken, for his appellate attorney challenged the sufficiency of the evidence in part because the machine gun was inoperable:

rejected the claim on the merits, Mr. Ordaz cannot renew the claim through a § 2255 motion. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Thus, no reasonable jurist could credit Mr. Ordaz's reassertion of his argument that the gun was inoperable.

**Conclusion**

In these circumstances, we conclude that Mr. Ordaz's claims are not

---

> In addition, testimony clearly shows that the weapon when seized was found in "pieces." Despite the government's attempt to show that the weapon could be reassembled quickly-by the way, by an expert, the gun was nevertheless found in parts in a black duffel bag. In fact testimony shows that a pin to connect the stock to the gun was missing. ATF Agent Knapp testified that he supplied a pin to connect the stock to the rest of the gun. *Tr. Vol. XVI p. 40*. He also testified that he "experienced quite a few jams and misfires." *Id. p. 45*.
>
> Agent Knapp further testified that he had "to take a punch to the extractor spring and basically straighten it out." *Id.* Although he softens the faults of the weapon with the statement that the gun still was potent because he "still managed to fire one ten round automatic burst." *Id.* at 45.

Miguel Angel Ordaz' Opening Br. at 19-20, *United States v. Renteria*, 720 F.3d 1245 (10th Cir. 2013) (No. 12-8019). In rejecting the argument, we noted Mr. Ordaz's emphasis "on the fact that a missing pin [was] needed to assemble the gun." *Renteria*, 720 F.3d at 1255.

reasonably debatable. With this conclusion, we (1) decline to issue a certificate of appealability and (2) dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge