FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 17, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM MATHEW WATSON,

      Petitioner-Appellant,

v.

CARL BEAR, Warden,

      Respondent-Appellee.

No. 15-6142
(W.D. Oklahoma)
(D.C. No. 5:12-CV-01079-D)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND
DISMISSING THE APPEAL**
_____

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

      Mr. William Watson, an Oklahoma state prisoner, wants to appeal on his habeas claims involving ineffective assistance of trial and appellate counsel. The district court held that Mr. Watson had not shown ineffective assistance of appellate counsel and was procedurally barred on his claim involving trial counsel. We can entertain the appeal only if Mr. Watson has justified a certificate of appealability. He has not, and we dismiss the appeal. 28 U.S.C. § 2253(c)(1)(A) (2012).

### Standard for a Certificate of Appealability

      To justify a certificate, Mr. Watson must make a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537

U.S. 322, 336 (2003). This showing exists only if reasonable jurists could find the district court's rulings debatable or wrong. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). In applying this standard, we conclude that the rulings are not debatable or wrong.

## Ineffectiveness of Appellate Counsel

Liberally interpreting the application, we believe Mr. Watson is contesting the district court's legal conclusions on the claim of ineffective assistance of appellate counsel. The district court concluded that Mr. Watson had not shown that the state appeals court's analysis conflicted with or unreasonably applied Supreme Court precedent. In our view, these conclusions are not reasonably debatable. Therefore, we deny a certificate of appealability on the claim involving Mr. Watson's appellate counsel.

## Ineffectiveness of Trial Counsel

With this determination, we must also deny a certificate of appealability on the claim involving Mr. Watson's trial counsel.

The district court determined that Mr. Watson had failed to overcome a state procedural default. To overcome the burden of the procedural bar, Mr. Watson had to show cause for the default and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In an effort to show cause, Mr. Watson relies on his claim of ineffective assistance of appellate counsel. But we have already rejected this claim; thus, it cannot serve as cause to avoid a procedural default on the claim involving ineffectiveness

2

of trial counsel. *See Thornburg v. Mullin*, 422 F.3d 1113, 1142 (10th Cir. 2005). In these circumstances, we conclude that the district court's finding of a procedural bar is not reasonably debatable. As a result, we deny a certificate of appealability on the claim involving Mr. Watson's trial counsel.

## Disposition

Because Mr. Watson has not justified a certificate of appealability, we dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge