**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

PHILIP ANDRE NAZARETA,

      Defendant-Appellant.

No. 16-8071
(D.C. No. 2:16-CV-00038-NDF
& No. 1:08-CR-00076-CAB-1)
(D. Wyo.)

_____

**ORDER**
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

In 2009, Mr. Philip Andre Nazareta pleaded guilty to possessing methamphetamine with intent to distribute and being a felon in possession of a firearm. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. §§ 922(g)(1), 924(e)(1). Because Mr. Nazareta had three prior convictions for serious drug offenses, Mr. Nazareta was sentenced to the mandatory minimum sentence of 180 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). In 2016, Mr. Nazareta challenged the sentence by filing a motion under 28 U.S.C. § 2255.

The district court denied the motion based on timeliness, and Mr. Nazareta wants to appeal. To do so, he seeks a certificate of appealability

and leave to proceed in forma pauperis. *See* 28 U.S.C. §§ 2253(c)(1)(B) (certificate of appealability), 1915(a)(1) (leave to proceed in forma pauperis). But Mr. Nazareta's motion was not filed until almost seven years after his conviction became final. In light of this delay, we decline to issue a certificate of appealability, dismiss the appeal, and deny leave to proceed in forma pauperis.

We can issue a certificate of appealability only if Mr. Nazareta's argument on timeliness is at least reasonably debatable. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). In our view, jurists could not reasonably debate the district court's ruling on timeliness.

The limitations period for a § 2255 motion is one year. 28 U.S.C. § 2255(f). Mr. Nazareta concedes that the limitations period would ordinarily have begun to run in April 2009, when the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Thus, Mr. Nazareta's motion would ordinarily be considered untimely.

To avoid this result, Mr. Nazareta relies on an exception to the one-year limitations period: actual innocence. *See McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). But Mr. Nazareta is not arguing that he is actually innocent of a crime; he is arguing that his prior convictions should not be counted under the ACCA. *See In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) ("[T]he armed career criminal act is a sentence-enhancement statute; [the defendant] is 'innocent' (if his claim has merit)

2

only in a technical sense."). This type of argument does not fit within the exception for actual innocence. *See Williams v. Warden*, 713 F.3d 1332, 1345-46 (11th Cir. 2013) (holding that a challenge to the counting of prior convictions under the ACCA does not constitute a claim of actual innocence); *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that a claim challenging classification of a conviction under the ACCA "is not cognizable as a claim of actual innocence"). Thus, Mr. Nazareta is subject to the one-year period of limitations and his § 2255 motion was untimely.

In these circumstances, jurists could not reasonably debate the correctness of the district court's ruling. Thus, we (1) decline to issue a certificate of appealability and (2) dismiss the appeal. We also conclude that Mr. Nazareta "has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007). In the absence of a nonfrivolous argument, we deny leave to proceed in forma pauperis. *See id*.

Entered for the Court

Robert E. Bacharach
Circuit Judge

3