**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONNELL FRANCIS TIMLEY,

    Defendant - Appellant.

No. 16-3366
(D.C. Nos. 5:16-CV-04018-JAR,
5:07-CR-40031-JAR-1)
(D. Kan.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
**AND DISMISSING THE APPEAL**

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

Mr. Donnell Timley is a federal inmate who filed a motion to vacate his sentence under 28 U.S.C. § 2255. In the motion, Mr. Timley presented constitutional challenges to his sentence. The district court dismissed the § 2255 motion on two grounds: (1) It was untimely, and (2) Mr. Timley waived the right to collaterally attack his sentence.

Mr. Timley wants to appeal. To do so, he seeks a certificate of appealability and leave to proceed in forma pauperis. *See* 28 U.S.C. § 2253(c)(1)(B) (certificate of appealability), 1915(a)(1) (leave to proceed in forma pauperis).

We can issue a certificate of appealability only if the underlying rulings on timeliness and waiver were at least reasonably debatable. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (holding that when the district court denies a habeas petition based on timeliness, the court of appeals can issue a certificate of appealability only if the district court's ruling on timeliness is at least reasonably debatable).

In seeking a certificate of appealability, Mr. Timley reurges the merits of his underlying claims. But he does not address the timeliness of his § 2255 motion or say why he thinks the district court erred in finding a waiver through the plea agreement. Though Mr. Timley is pro se, we cannot craft arguments for him. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Because Mr. Timley does not question the district court's reasons for dismissing the § 2255 motion, we deny a certificate of appealability. As a result, we must dismiss the appeal. *See* 28 U.S.C. § 2253(c)(1)(B). And in the absence of a reasonably debatable appeal point, we deny Mr. Timley's request to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3); *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Entered for the Court

Robert E. Bacharach
Circuit Judge

2