FILED
United States Court of Appeals
Tenth Circuit

October 22, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAWRENCE WASHINGTON,

    Petitioner - Appellant,

v.

JANET DOWLING,

    Respondent - Appellee.

No. 19-6090
(D.C. No. 5:18-CV-01255-D)
(W.D. Oklahoma)

_____

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Petitioner Lawrence Washington, a prisoner in Oklahoma state custody proceeding pro se,[1] seeks a Certificate of Appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Mr. Washington also moves to proceed in forma pauperis. We deny Mr. Washington's motion to proceed in forma pauperis, decline to grant a COA, and dismiss the appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Washington is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I. BACKGROUND

On May 15, 2017, Mr. Washington pleaded guilty to aggravated trafficking in illegal drugs, operating a vehicle with the license plate covered, conspiracy to distribute a controlled dangerous substance, manufacturing/attempting to manufacture a controlled dangerous substance, and maintaining a place where a controlled dangerous substance is kept. He was sentenced to a term of imprisonment of 28 years.

Nearly ten months after his sentencing, Mr. Washington sought leave to file an appeal out of time in Oklahoma state court. That motion was denied, which denial was subsequently affirmed by the Oklahoma Court of Criminal Appeals. On December 21, 2018,[2] Mr. Washington filed the instant habeas petition in federal court. On May 22, 2019, the district court dismissed his petition with prejudice as time-barred and declined to issue him a COA.

---

[2] Although Mr. Washington's petition was received and docketed by the district court on December 26, 2018, he complied with the prison mailbox rule by attesting that on December 21, 2018, he deposited his petition into the prison mail system with prepaid postage. *See Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) ("[A]n inmate must establish timely filing under the mailbox rule by . . . timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid."). Thus, Mr. Washington's petition is deemed filed as of December 21, 2018.

## II. ANALYSIS

### *A. Certificate of Appealability*

Absent a COA, we are without jurisdiction to review a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." When, as here, a district court has denied a § 2254 petition on procedural grounds without reaching the petition's merits, a certificate of appealability will issue only if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* If the appellant's showing is deficient as to the procedural bar, a court should ordinarily deny the COA on those grounds without reaching the constitutional issue. *Id.* at 485.

The district court denied Mr. Washington's habeas petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As explained below, our review of governing law demonstrates that reasonable jurists could not debate the propriety of that disposition.

1.      **AEDPA's Limitations Period**

Under 28 U.S.C. § 2244(d)(1)(A), Mr. Washington had to commence his federal habeas proceedings within one year of the date on which his state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." Mr. Washington's conviction became final when he declined to withdraw his guilty plea within the 10-day period as required before the Oklahoma Court of Criminal Appeals will entertain a direct appeal from a guilty plea. *See* Okla. Crim. App. R. 4.2(A) ("In all cases, to appeal from any conviction on a plea of guilty . . . the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence . . . ."). Mr. Washington's conviction became final on May 25, 2017, ten days after his guilty plea was accepted and his sentence imposed, and he was accordingly required to have filed his § 2254 petition no later than May 29, 2018.[3] In sum, absent tolling, his petition filed on December 21, 2018, was untimely.

2.      **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year statute of limitations is tolled during the pendency of state post-conviction proceedings. Mr. Washington tolled the limitations period when, on March 19, 2018, he filed a motion for appeal

---

[3] May 26, 2018, the conclusion of the one-year period, fell on a Saturday, and Monday, May 28, 2018, was a holiday. Thus, Mr. Washington's petition was required to have been filed no later than May 29, 2018. *See* Fed. R. Civ. P. 6(a)(1)(C).

out of time and for leave to withdraw his guilty plea out of time—a post-conviction proceeding under Oklahoma law. *See* Okla. Crim. App. R. 2.1(E)(1) ("If petitioner seeks an appeal out of time, the proper procedure is to file an Application for Post-Conviction Relief requesting an appeal out of time."). On May 9, 2018, the state court denied Mr. Washington's motion to appeal out of time because he did not carry his burden to show that he failed to initiate direct review through no fault of his own.

Mr. Washington appealed that denial to the Oklahoma Court of Criminal Appeals, which affirmed the lower court on August 8, 2018. Having exhausted his state post-conviction appeals, AEDPA's limitations period resumed running on August 9, 2018.

When Mr. Washington filed his motion for leave to withdraw his guilty plea out of time, 298 days had elapsed since his conviction became final. To evade the time bar, then, Mr. Washington needed to have filed his habeas petition within 67 days of August 9, 2018—no later than October 15, 2018. Thus, unless he can avail himself of equitable tolling, his December 21, 2018, petition is untimely.

**3.     Equitable Tolling**

AEDPA's limitations period may be equitably tolled only upon a showing that (1) the petitioner has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way of filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Mr. Washington appears to argue that he is entitled to equitable tolling because his trial attorney abandoned him during the 10-day period during which he could

5

have directly appealed from his conviction. Mr. Washington has not made sufficient factual allegations to support his abandonment argument.[4] But even assuming he was abandoned by his trial counsel during the 10-day window—and that, as a result, AEDPA's one-year limitations period began to run—these circumstances do nothing to demonstrate that, during the following 365-day period, he pursued his rights diligently but some extraordinary circumstance prevented him from filing a timely habeas petition.[5]

In short, because tolling does not render Mr. Washington's petition timely, reasonable jurists could not debate the district court's dismissal of Mr. Washington's petition as time-barred. Accordingly, we deny Mr. Washington's application for a COA.

---

[4] We note that in denying Mr. Washington's motion for leave to withdraw his guilty plea out of time, the state court represented that at his sentencing:

> [A]fter Defendant was advised by the Judge of his right to withdraw his guilty plea by filing a written application within ten (10) days, the Judge also asked whether the Defendant wished to remain in the Comanche County Detention Center to allow him time to think about filing such an application, but the Defendant responded by indicating he wished to waive that option and be transported to the Oklahoma Department of Corrections as soon as possible.

ROA at 51.

[5] Nor does Mr. Washington assert that he is actually innocent, which we have held may entitle a habeas petitioner to equitable tolling. *See Laurson v. Leyba*, 507 F.3d 1230, 1232–33 (10th Cir. 2007). The grounds for habeas urged by Mr. Washington sound in legal, rather than factual, innocence. *See id.* at 1233 ("Actual innocence means 'factual innocence.'" (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998))).

### B. *Motion to Proceed in Forma Pauperis*

Mr. Washington filed a motion to proceed in forma pauperis on appeal. "In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Mr. Washington has not met this burden; our review of the record reveals no non-frivolous argument in support of his appeal. Accordingly, we also deny Mr. Washington's motion to proceed in forma pauperis on appeal.

### III.    CONCLUSION

Because Mr. Washington fails to establish that reasonable jurists could debate whether his habeas petition is time-barred, we **DENY** his request for a COA and **DISMISS** the appeal. We also **DENY** Mr. Washington's motion to proceed in forma pauperis on appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge