**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MIGUEL TRUJILLO,

    Petitioner - Appellant,

v.

DWAYNE SANTISTEVAN; THE
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents - Appellees.

No. 20-2074
(D.C. No. 2:19-CV-00730-JB-CG)
(D. N.M.)

_____

**ORDER**
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Miguel Trujillo sought federal habeas relief in district court, but

the court denied relief. Mr. Trujillo wants to appeal, but he can do so only

if a judge grants a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

We decline to issue the certificate and dismiss the matter.

The district court denied habeas relief, concluding that the action

was untimely. Mr. Trujillo can challenge this conclusion only if it is

reasonably debatable. _Laurson v. Leyba_, 507 F.3d 1230, 1232 (10th Cir.

2007). In our view, no jurist could reasonably question the ruling on

timeliness.

For this habeas action, a one-year period of limitations exists. 28 U.S.C. § 2244(d)(1). This period ordinarily starts when the conviction became final. 28 U.S.C. § 2244(d)(1)(A). Mr. Trujillo's conviction became final upon the expiration of his time to seek direct review in state court. *Rhine v. Weber*, 182 F.3d 1153, 1155 (10th Cir. 1999). That deadline fell on December 8, 2003. On that day, the one-year period of limitations began running.

But the limitations period is tolled when the petitioner seeks state habeas relief. 28 U.S.C. § 2244(d)(2). And Mr. Trujillo filed a state habeas petition on April 1, 2004, 115 days into the one-year period of limitations. The limitations period wouldn't re-start until the state habeas proceedings terminated. *Id.* Remarkably, the state habeas proceedings remained pending for roughly fourteen years, finally ending on July 13, 2018. At that point, Mr. Trujillo had 250 days left in which to file a federal habeas petition. The 250th day fell on March 20, 2019.[1] But Mr. Trujillo waited until August 9, 2019 to file a federal habeas petition. By that time, his federal habeas petition was 142 days late.

Mr. Trujillo argues that restrictions on law-library access slowed his ability to prepare a state habeas petition. Despite these restrictions, Mr. Trujillo was able to file the state habeas petition. When he did so, the

---

[1] The district court calculated the 250th day as March 21, 2019. But this one-day miscalculation does not affect the outcome.

2

limitations period was tolled, giving him ample time to seek federal habeas relief. So the restrictions in law-library access thus didn't trigger equitable tolling. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Once the state habeas proceedings ended, Mr. Trujillo does not suggest further restrictions on his access to a law library.[2] At that point, he had 250 days in which to file a federal habeas petition.

He nonetheless missed the limitations period by 142 days. In these circumstances, no reasonable jurist could regard the district court's ruling as reasonably debatable. So we deny a certificate of appealability and dismiss the matter.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2] Mr. Trujillo also refers to deficiencies on the part of two attorneys (Mr. Daniel Salazar and Mr. Geoffrey Scovil) from 2005 to 2007. But the limitations period was already tolled from 2005 to 2007 because of the pendency of the state habeas proceedings.