FILED
United States Court of Appeals
Tenth Circuit

December 10, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHARAY TYREE CROWDER,

    Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

    Respondent - Appellee.

No. 20-6053
(D.C. No. 5:19-CV-00747-HE)
(W.D. Okla.)

_____

**ORDER**
_____

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal grew out of state court convictions for possessing child pornography and sexually abusing children. The petitioner (Mr. Sharay Crowder) sought habeas relief, and the district court dismissed the petition based on timeliness. *See* 28 U.S.C. § 2244(d). Mr. Crowder wants to appeal and seeks leave to proceed in forma pauperis.

Mr. Crowder can appeal only if he obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate is available only upon a showing that the district court's ruling on timeliness was at least reasonably debatable. *Laurson v. Leyba*, 507 F.3d 1230, 1231–32 (10th Cir. 2007).

In seeking a certificate of appealability, Mr. Crowder contends that the availability of equitable tolling is reasonably debatable. Equitable tolling is warranted only if (1) a petitioner has diligently pursued his rights and (2) extraordinary circumstances prevented timely filing. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). If we were to grant a certificate, we would review the district court's ruling only for an abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Mr. Crowder makes three arguments for equitable tolling:

1. He couldn't seek post-conviction relief in state court without a trial transcript.

2. He couldn't obtain access to a trial transcript because he couldn't afford the court reporter's fee.

3. The state court misled him with respect to the need for a trial transcript.

For these arguments, Mr. Crowder points to

- a state-court opinion requiring applications for post-conviction relief to contain specific factual allegations and

- the instructions on the state court's form for post-conviction relief to "[a]ttach supporting documentation."

Appellant's Opening Br. at 15. We reject Mr. Crowder's arguments for equitable tolling.

Mr. Crowder could have sought federal habeas relief without a trial transcript. He contends that he needed a transcript to seek post-conviction

2

relief in state court, but he could have sought federal habeas relief without applying in state court for post-conviction relief.

Even if we credit his desire to pursue post-conviction relief in state court, he was still dilatory. He didn't request a trial transcript until roughly seven months after his conviction had become final. When the request was denied, Mr. Crowder sought mandamus relief in state court. When mandamus was denied, Mr. Crowder waited another year before filing a federal habeas petition.

Even if he were entitled to equitable tolling, he'd still waited roughly seven months without taking any action to obtain a transcript. So even with equitable tolling, the federal habeas petition would have been out-of-time by roughly seven months. We thus decline to issue a certificate of appealability. Given the absence of a certificate, we dismiss this matter.

Though we dismiss the matter, Mr. Crowder cannot afford to prepay the filing fee. So we grant his motion for leave to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3