FILED
United States Court of Appeals
Tenth Circuit

February 23, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM LEON BAUDERS,

Petitioner - Appellant,

v.

SCOTT CROW,

Respondent - Appellee.

No. 20-5101
(D.C. No. 4:17-CV-00209-CVE-FHM)
(N.D. Okla.)

_____

**ORDER**
_____

Before **BACHARACH**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **MORITZ**, Circuit Judge.
_____

Mr. William Leon Bauders seeks habeas relief based on an Oklahoma conviction for second-degree felony murder, possession of a stolen vehicle, grand larceny, leaving the scene of a fatal collision, and driving with a suspended license. The federal district court denied habeas relief, and Mr. Bauders wants to appeal. To do so, he needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We decline to issue the certificate.

For a certificate of appealability, Mr. Bauders must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a showing that "reasonable jurists could debate . . . whether the petition should have been resolved in a

different manner." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). In our view, no jurist could reasonably question the voluntariness of Mr. Bauders's statements.

Mr. Bauders confessed guilt before the trial but argued that the confession was involuntary. The trial court rejected this argument after conducting an evidentiary hearing. In seeking habeas relief, Mr. Bauders argues that the trial court's finding was unreasonable based on the evidence. He does not suggest coercion; he instead points to an officer's admission that he used a psychological tactic of friendliness.

The Oklahoma Court of Criminal Appeals rejected this argument in the direct appeal:

> A voluntary confession is one which "is the product of an essentially free and unconstrained choice by its maker." . . . . The State must show by a preponderance of the evidence that a confession is voluntary, and the district court determines the issue by considering the totality of the circumstances. On appeal, we determine whether competent evidence supports the district court's finding that the statement was voluntary. As long as there are not threats or promises made, police may urge suspects to cooperate and to tell the truth. Even aggressive police questioning does not constitute coercion, where the record indicates a defendant answers questions voluntarily. The record here does not support Bauders' claim that officers promised to have his charges dropped, or promised him anything else, in return for a confession; there is no merit to his claim that the officer's friendly attitude amounted to psychological coercion.

Dkt. # 8-3, OCCA Op. at 2-3. In our view, no jurist could reasonably question this analysis. We thus decline to issue a certificate of

2

appealability. And in the absence of a certificate, we dismiss this matter.

Entered for the Court


Robert E. Bacharach
Circuit Judge