**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN MIGUEL SWAN,

    Petitioner - Appellant,

v.

STEPHEN P. FRIOT,

    Respondent - Appellee.

No. 24-6147
(D.C. No. 5:24-CV-00475-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

John Miguel Swan, a federal prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2241 petition. He also requests to

proceed in forma pauperis ("IFP") on appeal. Exercising our jurisdiction under

28 U.S.C. § 1291, we deny as moot his application for a certificate of

appealability ("COA"), grant his motion to proceed IFP on appeal, and affirm

the denial of his § 2241 petition.

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the
briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).
The case is therefore submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In 2022, Swan pleaded guilty to one count of being a felon in possession of ammunition. The Tenth Circuit vacated the conviction and allowed Swan to withdraw his plea. After Swan withdrew his guilty plea, the district court set the case for trial. While he was held in a county jail awaiting trial, Swan filed his § 2241 petition challenging: (1) his pretrial custody; (2) the validity of his then-vacated conviction under the Fourth Amendment; (3) the validity of his then-vacated conviction on numerous grounds including ineffective assistance of counsel, in violation of his Fifth and Sixth Amendment rights; and (4) his wrongful imprisonment and conviction. Shortly after he filed his petition, a jury convicted Swan of being a felon in possession of ammunition at trial.

The magistrate judge recommended that grounds one, two, and three should be denied as moot. Specifically, the magistrate judge reasoned that because Swan was convicted after he filed his petition, his challenges to pretrial custody and to the validity of his then-vacated conviction were moot. The magistrate judge further reasoned that because Swan was convicted of the same crime as he was in his then-vacated conviction, he could seek relief under 28 U.S.C. § 2255 for grounds two and three. And the magistrate judge construed ground four as not asserting a constitutional challenge but merely a request for relief. Swan filed objections, which the district court overruled. The district court adopted the report and accepted the recommendation and dismissed Swan's petition. Swan timely appealed.

2

## ANALYSIS

We review de novo Swan's § 2241 petition. *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2021). Because Swan is a federal prisoner seeking relief under § 2241, he does not need a COA. *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). Though Swan was in state custody when he filed his § 2241 petition, a state prisoner challenging federal detainer does not need a COA. *Montez*, 208 F.3d at 867. So to the extent Swan seeks a certificate of appealability, that application is **DENIED** as **MOOT**. And we **GRANT** Swan's motion to proceed IFP on this appeal.

Swan raises three grounds on appeal, challenging: (1) the validity of the jury conviction because the trial court lacked subject-matter jurisdiction over the case, (2) the validity of his jury conviction under the Fourth Amendment, and (3) the validity of his jury conviction on numerous grounds including errors during the trial, in violation of his Fifth and Sixth Amendment rights. He asks us to reverse his conviction and vacate his judgment. We find his arguments meritless or improperly raised before us.

In ground one, Swan challenges the subject-matter jurisdiction of the trial court because of alleged deficiencies in the indictment. He raised that argument in support of his challenge to pretrial detainment. The district court dismissed that argument as moot because Swan was later convicted, and Swan does not challenge that decision on appeal. He raised other arguments related to the trial court's subject-matter jurisdiction in his objections, but as new arguments, they

are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")

Ground two (unlawful search), and the parts of ground three that challenge pretrial conduct (Fifth and Sixth Amendment violations), rehash the arguments Swan made below about this then-vacated conviction. Because Swan was convicted, he can make those arguments challenging his conviction by filing a petition under 28 U.S.C. § 2255. *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011) ("Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255."). Though Swan may rely on § 2241 to challenge his conviction, he may do so only if § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e); *Prost*, 636 F.3d at 580. Though Swan mentions the exception, he offers no argument why § 2255 is inadequate or ineffective to challenge his conviction. So we find those arguments are meritless.

In the remainder of ground three, Swan makes new factual allegations related to alleged errors at his trial. Swan acknowledges that he is expanding his claim now, but argues his new factual allegations support the grounds he raised in his petition (*e.g.*, material misrepresentation, ineffective assistance of counsel). We generally do not review issues that were not advanced below, and

4

we decline to do so here. *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

## CONCLUSION

We **DENY AS MOOT** Swan's application for a certificate of appealability, **GRANT** his motion to proceed in forma pauperis, and **AFFIRM** the district court's denial of Swan's § 2241 petition.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5