**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

**February 25, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WALTER E. REYMUNDO-LIMA,

    Defendant-Appellant.

No. 15-4144
(D.C. Nos. 2:14-CV-00841-RJS and
2:02-CR-00423-PGC-1)
(D. Utah)

---

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
**AND DISMISSING THE APPEAL**

---

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

    Mr. Walter Reymundo-Lima was convicted and sentenced in 2002 on federal charges of transporting undocumented aliens. After this sentence was served, he was removed to El Salvador. He later reentered the United States, leading to charges of illegal reentry. To defend against this charge, Mr. Reymundo-Lima moved under 28 U.S.C. § 2255 for vacatur of the 2002 sentence. The district court denied the motion based on the absence of jurisdiction, concluding that Mr. Reymundo-Lima was no longer "in custody" on the 2002 sentence.

Mr. Reymundo-Lima wants to appeal. To do so, he requests a certificate of appealability, arguing that he remained "in custody" for purposes of 28 U.S.C. § 2255 because he continues to suffer consequences from the 2002 conviction. In our view, no reasonable jurist could conclude that Mr. Reymundo-Lima remained in custody on his 2002 conviction when he filed the motion to vacate. Thus, we deny Mr. Reymundo-Lima's request for a certificate of appealability and dismiss the appeal.

## I. Mr. Reymundo-Lima can appeal only if he justifies a certificate of appealability.

To appeal, Mr. Reymundo-Lima needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). This certificate is available only if Mr. Reymundo-Lima shows that reasonable jurists could find the district court's ruling debatable or wrong. *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007).

## II. Supreme Court precedent forecloses Mr. Reymundo-Lima's argument that he remains "in custody" on the 2002 conviction.

A prisoner must be "in custody under sentence of a [federal] court" when filing a motion to vacate a sentence. 28 U.S.C. § 2255(a). Thus, Mr. Reymundo-Lima must show that he was "in custody" under the 2002 sentence when he filed his motion to vacate. *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004), *abrogated on other grounds*, *Padilla v. Kentucky*, 559 U.S. 356 (2010).

2

Mr. Reymundo-Lima acknowledges that when he moved for vacatur, he had already served his sentence for the 2002 conviction. *See* Appellant's Br. at 27. But Mr. Reymundo-Lima argues that because a new illegal-reentry charge resulted from the 2002 conviction, he continues to bear a "substantial stake" in the 2002 conviction, rendering him "in custody" for that conviction. Appellant's Br. at 28 (citing *Carafas v. LaValle*, 391 U.S. 234 (1968)).

Mr. Reymundo-Lima's position is foreclosed by *Maleng v. Cook*, 490 U.S. 488 (1989) (per curiam). There the Supreme Court held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492. Under *Maleng*, a causal relationship between the new charges and the 2002 conviction does not mean that Mr. Reymundo-Lima is "in custody" on that conviction.

Because Mr. Reymundo-Lima has already served his sentence for the 2002 conviction, he is no longer "in custody" on the 2002 conviction and cannot challenge that conviction under § 2255. *See id.*; *see also Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (holding that because the petitioner "is no longer serving the sentences imposed pursuant to his [prior] convictions . . . [he] cannot bring a federal habeas petition directed solely at those convictions").

In these circumstances, we conclude that reasonable jurists could not debate the correctness of the district court's holding. Accordingly, we decline to issue a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge