**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**January 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANDREW JOHN YELLOWBEAR, JR.,

    Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL;
FREMONT COUNTY SHERIFF,

    Respondents - Appellees.

No. 23-8055
(D.C. No. 2:06-CV-00082-ABJ)
(D. Wyo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Andrew John Yellowbear, Jr., filed a motion, purportedly under Federal Rule of

Civil Procedure 60(b), seeking relief from an order denying his 28 U.S.C. § 2254 habeas

application.  The district court denied the motion, and Mr. Yellowbear now applies for a

certificate of appealability.[1]  We deny his application because a plain procedural bar

prevents him from obtaining relief through his purported Rule 60(b) motion:  The motion

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Yellowbear represents himself, so we construe his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

was really an unauthorized second or successive § 2254 application, so the district court lacked jurisdiction to hear it.

## *Background*

A Wyoming court sentenced Mr. Yellowbear to life in prison for murder. On appeal, the Supreme Court of Wyoming rejected his claim that the murder occurred in Indian country and that, as a result, the state lacked jurisdiction to prosecute the crime. *See Yellowbear v. State*, 174 P.3d 1270, 1284 (Wyo. 2008).

Mr. Yellowbear then took his jurisdictional claim to federal court in a § 2254 habeas application. In the habeas litigation, the parties disputed what standard the federal court should use to review the Supreme Court of Wyoming's jurisdictional ruling. Mr. Yellowbear sought de novo review while the state sought the more deferential review that § 2254(d) prescribes for claims already adjudicated on the merits in state court.[2] The district court sided with the state, applied § 2254(d)'s deferential review, and denied Mr. Yellowbear's jurisdictional claim on the merits.

Mr. Yellowbear pursued his argument about the proper standard of review on appeal. We understood him "to suggest that § 2254(d)(1) is unconstitutional, at least as applied to him in this case, and so his appeal must be reviewed *de novo*." *Yellowbear v. Att'y Gen. of Wyo.*, 380 F. App'x 740, 742 (10th Cir. 2010). But we found it unnecessary

---

[2] This deferential standard allows a federal court to grant habeas relief, as relevant here, only if state proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1).

to address that issue because Mr. Yellowbear failed to show that he should prevail even under de novo review. *See id.* at 743.

Mr. Yellowbear raised the standard-of-review claim again years later in a motion citing Rule 60(b). His motion argued that "the district court employed the wrong standard of review when considering his first § 2254 habeas petition." *Yellowbear v. Hill*, 859 F. App'x 295, 297 (10th Cir. 2021). The district court concluded that this claim did not fit under Rule 60(b) because it amounted to "a merits-based attack on the disposition of his § 2254 petition." *Id.* at 298 (internal quotation marks omitted). And we held that conclusion was correct. *Id.*

Mr. Yellowbear raised a variant of the standard-of-review claim yet again in the motion underlying these proceedings. Once again invoking Rule 60(b), he argued that the "procedural bars" in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "are unconstitutional because they unduly limited the scope under which the Court could review his" claim that Wyoming lacked jurisdiction to prosecute him. R. vol. 2 at 9 (internal quotation marks omitted). He argued more specifically that applying § 2254(d)'s deferential standard to review his jurisdictional claim "poses separation-of-powers and other serious constitutional problems." *Id.*

The parties disagreed about how the district court should characterize Mr. Yellowbear's motion. Despite the motion's title, the state argued that it was really a second or successive § 2254 application. Mr. Yellowbear maintained, however, that his motion should be considered a true Rule 60(b) motion. This dispute mattered because, if the motion was really a second or successive § 2254 application, then the district court

3

lacked jurisdiction over the motion's merits because Mr. Yellowbear never received authorization from our court to file it. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Well-established principles govern whether a motion like Mr. Yellowbear's is a second or successive § 2254 application or instead a true Rule 60(b) motion. Two of those principles are relevant here. First, a motion is really a § 2254 application if it "seeks to revisit the federal court's denial *on the merits* of a claim for relief." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005). Second, a motion qualifies as a true Rule 60(b) motion, by contrast, if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532.

The district court agreed with Mr. Yellowbear that his motion alleged a defect in the integrity of the habeas proceedings and therefore fell under Rule 60(b). That was so, the court concluded, because the motion challenged "the standard of review used to evaluate" Mr. Yellowbear's claim rather than the habeas court's "ultimate holding that he failed to prove the State of Wyoming lacked jurisdiction to prosecute him." R. vol. 2 at 44. But the district court still denied relief, holding that the motion did not warrant relief under Rule 60(b).[3]

---

[3] The district court noted that Mr. Yellowbear's motion would not succeed as a second or successive § 2254 application because he lacked authorization to file it.

*Discussion*

Mr. Yellowbear cannot appeal unless we issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007). We may deny a certificate of appealability if a plain procedural bar prevents habeas relief, even if the district court did not rely on that bar. *See United States v. Springer*, 875 F.3d 968, 981 (10th Cir. 2017).

A plain procedural bar prevents relief here. Mr. Yellowbear's motion argued that applying AEDPA deference to his jurisdictional habeas claim violated the Constitution. The argument reduces to a claim that the habeas court applied the wrong standard of review. And that amounts to an attack against the habeas court's decision on the merits of the jurisdictional claim. Indeed, we have already held as much in an earlier proceeding. *See Yellowbear v. Hill*, 859 F. App'x at 298. At bottom, the argument seeks "a second chance" to have a federal court review his jurisdictional claim de novo rather than under AEDPA's deferential standard. *Gonzalez*, 545 U.S. at 532 n.5. Because Mr. Yellowbear's latest motion sought to revisit the habeas court's denial of his jurisdictional claim on the merits, the motion was really a second or successive § 2254 application. *See id.* at 534. But Mr. Yellowbear did not have authorization to file another § 2254 application. And so the district court lacked jurisdiction to hear his motion. *See In re Cline*, 531 F.3d at 1251. That lack of jurisdiction amounts to a plain procedural bar to relief. *See Springer*, 875 F.3d at 983.

5

### *Disposition*

We deny Mr. Yellowbear's application for a certificate of appealability. We dismiss this matter with instructions to the district court to vacate its order denying Mr. Yellowbear's motion on the merits. *See id.*

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk