**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 5, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ALAN DeATLEY, Tribal member, Tribal
Sp. Counsel, Tribal Judge,

      Petitioner - Appellant,

v.

WARDEN FAIRBAIRN, (A.V.C.F.);
DIRECTOR WILLIAMS, (CDOC); GOV.
POLIS; D.A. MCCANN; ATTORNEY
GENERAL OF THE STATE OF
COLORADO; A. G. WIESER;
COFFMAN; SUTHERS; WESOLEY;
OLSON; MEYER; LEH; PACHECO, 1-
30,000,

      Respondents - Appellees.

No. 23-1406
(D.C. No. 1:22-CV-01101-LTB-STV)
(D. Colo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

A Colorado state court sentenced Petitioner Alan De Atley to eighty-three-years'

imprisonment for committing various tax fraud offenses.[1]  Petitioner unsuccessfully

sought relief from the judgment against him through state proceedings.  Petitioner filed

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Petitioner indicates that he spells his name "De Atley."  In prior cases before us, Petitioner's name has appeared as "Deatley" or "DeAtley."

an over 300-page 28 U.S.C. § 2254 habeas petition in the United States District Court for the District of Colorado. The magistrate judge recommended that the district court deny Petitioner's application because it was prolix, vague, and unintelligible. The magistrate judge noted that the court had provided Petitioner two opportunities to submit his claims in an intelligible format and to comply with Federal Rule of Civil Procedure 8 and Local Rule 5.1(c). Despite these opportunities, Petitioner failed to comply. The magistrate judge, therefore, recommended that the district court dismiss the action. Petitioner did not object to the report and recommendation. The district court adopted the report and recommendation and denied the application. It then denied Petitioner's motion for reconsideration and request for a certificate of appealability ("COA"). Petitioner now seeks a COA from us to challenge the district court's dismissal of his 28 U.S.C. § 2254 application. He also seeks leave to proceed in forma pauperis. Because Petitioner represents himself, we construe his filings liberally, but we do not act as his advocate. Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Exercising jurisdiction under 28 U.S.C. § 1291, we deny both of Petitioner's requests and dismiss this matter.

We begin with Petitioner's request for a COA, which we issue only if a petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus a petitioner must "show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). When a district court denies a habeas application on procedural grounds, as here, a petitioner requesting a COA must also show us that reasonable jurists would find

2

debatable the correctness of the procedural ruling. <u>Slack</u>, 529 U.S. at 484. We often rule based on the procedural question without addressing the constitutional merits question. <u>Id.</u> at 485.

Normally, when a petitioner fails to timely object to a report and recommendation, the firm waiver doctrine prevents appellate review. But here the magistrate judge did not caution Petitioner that failure to object would result in the waiver appellate review. Because the firm waiver rule does not apply when a magistrate judge fails to warn a pro se litigant of the time period for objecting and the consequences of failing to object, we do not apply the rule here. <u>Duffield v. Jackson</u>, 545 F.3d 1234, 1237 (10th Cir. 2008).

As we stated in our previous decision denying a certificate of appealability to Petitioner, pro se litigants must comply with the Federal Rules of Civil Procedure, including Rule 8. <u>DeAtley v. Williams</u>, 782 F. App'x 736, 737 (10th Cir. 2019) (citing <u>United States v. Green</u>, 886 F.3d 1300, 1307–08 (10th Cir. 2018)). Petitioner raises various issue in this request for a certificate of appealability—that the State of Colorado lacks jurisdiction over him, that he should receive relief because of, *inter alia*, errors in the indictment, witness perjury, and violations of tribal court orders. Petitioner's appeal emphasizes the alleged lack of subject matter jurisdiction and asserts a conflict of interest against two judges of the Court. He demands that we follow the tribal court orders, dismiss all charges against him, release him, and pay various sanctions and fees.

But, as we discuss above, we can and often do, decide cases such as Petitioner's based on valid procedural questions, without addressing the constitutional merits question. <u>Id.</u> at 485. And Petitioner does not even address the procedural issue present in

3

this case—which is whether the district court properly dismissed his case for failing to comply with its order to satisfy the pleading requirements of the Federal Rules of Civil Procedure. Because Petitioner fails to address this issue in his request for a certificate of appealability, he has waived the claim.

But alternatively, we conclude that, even if Petitioner had raised the procedural issue, the district court did not abuse its discretion in determining that Petitioner has failed to set forth a short and plain statement of his claims for relief as Rule 8(a) requires. Nor would reasonable jurists find the question of whether the district court abused its discretion debatable.

We DENY Petitioner a COA, DENY Petitioner's request to proceed in forma pauperis, and DISMISS this matter.

Entered for the Court

Joel M. Carson III
Circuit Judge