FILED
United States Court of Appeals
Tenth Circuit

May 30, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD W. HICKS,

    Petitioner - Appellant,

v.

B. GOODRICH, Warden, and
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

    Respondents - Appellees.

No. 24-1374
(D.C. No. 1:24-CV-00259-LTB-SBP)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **CARSON**, and **MURPHY** Circuit Judges.
_____

Petitioner Ronald Hicks pled guilty to incest in 2001. He initially received a four-year prison sentence, but agreed to accept a five year sentence in community corrections with an indeterminate probation of at least ten years. He moved for reconsideration of his sentence almost immediately, and did not complete his community corrections sentence. Authorities revoked his probation and sent him to prison. He appealed this sentence also, but Colorado state courts initially rebuffed him. He eventually got a resentence to sex offender intensive supervision probation, but he violated that probation and once again

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

went to prison.  Appealing again, he sought reconsideration of that sentence and later directly challenged its legality, but Colorado state courts rejected these appeals.

Petitioner then filed his first federal habeas petition on January 26, 2024.  The petition was, in the words of the presiding magistrate judge, "not a model of clarity," for it "assert[ed] a single claim, titled 'Illegal Sentence,' which encompasse[d] various claims relating to his guilty plea/original probation sentence, revocation of his initial probation, his later sentence to [intensive sex offender probation], and his current sentence."  The claims included ineffective counsel, illegal revocation of probation, and improper sentencing scheme application.  The presiding magistrate judge recommended the petition be dismissed because, under the Antiterrorism and Effective Death Penalty Act's one year statute of limitations, his clock ran roughly fourteen years prior.[1]  She also found that Petitioner failed to identify any extraordinary circumstances beyond his control that would justify granting him equitable tolling rights.  Petitioner objected, but the district judge adopted that recommendation.

Petitioner seeks a certificate of appealability to reverse that ruling.  To do so, Petitioner must make "a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  If the district court reaches the merits of a petitioner's constitutional claim, he must "show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'"  Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007)

---

[1] The magistrate judge calculated that Petitioner's ability to seek habeas relief expired on March 17, 2009 for his ineffective assistance of counsel claim, December 4, 2009 for his first illegal sentence claim, and January 4, 2010 for both his second illegal sentencing claim and improper sentencing scheme application claim.

(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  But where, as here, the district court denied the habeas petition on procedural grounds, he must "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.  Petitioner also seeks leave to proceed in forma pauperis.[2]  As this Petitioner litigates pro se, we construe his filings liberally but do not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Exercising jurisdiction under 28 U.S.C. § 1291, we deny Petitioner's request.

Petitioner has not shown that reasonable jurists could disagree with the district court's math, and indeed he does not even try to.  He spends his petition restating the same alleged problems with his various sentences and probations, as well as the alleged ineffectiveness of the counsel that represented him.  He does not seriously engage with the district court's math regarding when his ability to seek a writ of habeas corpus expired.  Nor does he even engage with the district court's equitable tolling analysis.  Petitioner instead cites the same reasons the district court rejected for why he should be released, namely that he is a "Viet-nam [sic] veteran, who suffers from P.T.S.D., [who] also served at the Pentagon," is "seventy-three (73) years old," and was "an excellent

---

[2] Petitioner's proffered documents show that he currently has $9.01 in his bank account and, as he is currently imprisoned, lacks a full-time job.  He estimates that "it would take 5½ years to [pay] all the fee's [sic] required" to file his suit.  These pleadings illustrate that Petitioner "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  We GRANT his request to proceed in forma pauperis.

employee" during his time in community corrections. While these features may make him a sympathetic petitioner, they do not suggest that "some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner is also simply incorrect that denying his application "penalize[s] [him] for pursuing his right of Appeal." Federal courts must act within the jurisdictional constraints Congress gives them, and it has imposed the one-year time limit at issue here. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000). Petitioner's time to seek federal habeas relief has run out.

We DENY Petitioner a certificate of appealability and DISMISS this matter.

Entered for the Court


Joel M. Carson III
Circuit Judge